No. 37,687

BERNIETA (PETERSON) KROL, *Appellee*, v. (L. L. CORYELL et al.) and the ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, *Appellant*.

(214 P. 2d 314)

Opinion filed January 28, 1950.

*E. S. Hampton,* of Salina, argued the cause, and *B. I. Litowich, LaRue Royce, H. H. Dunham, Jr., John Q. Royce,* and *H. G. Engleman,* all of Salina, were with him on the briefs for the appellant.

*Clarence N. Holeman,* of Wichita, argued the cause, and *W. A. Kahrs, Robert H. Nelson,* and *Keith L. Wallis,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: Plaintiff brought this action September 15, 1944, under our wrongful death statute (G. S. 1935, 60-3203, 3204) for the alleged wrongful death of her husband on September 29, 1942, for and on behalf of herself and the next of kin of her husband, claiming damages in the sum of $10,000. On October 25, 1944, defendant answered, denying the allegations of the petition, and alleged that the negligence of the deceased caused or contributed to his accident and fatal injury, and further alleged in paragraph 3: "The above named plaintff is not the real party in interest and

said action is in fact prosecuted by the New Amsterdam Casualty Company," and that plaintiff's husband was working for a named employer operating under the Workmen's Compensation Act; that the New Amsterdam Casualty Company, the employer's insurer, assumed liability and paid plaintiff for the benefit of herself and child the sum of $4,000 plus $150 for funeral expenses; that plaintiff failed to institute any action, and by the terms and limitation of G. S. 1943 Supp. 44-504 such failure operated as an assignment of any cause of action to the employer of the deceased and its insurance carrier, who are the real parties in interest, and that they are barred of any recovery by way of reimbursement for money paid to plaintiff by reason of the death of her husband, and prayed that plaintiff take nothing by the action; that the name of her husband's employer and its insurance carrier be substituted for that of plaintiff and that they take nothing by reason of the action.

Sometime thereafter—the date not shown in the record—plaintiff filed a motion to strike the third paragraph of the answer and the last portion of the prayer. This motion was heard on March 11, 1946, at which time plaintiff's counsel orally admitted the correctness of the allegations contained in the third paragraph of defendant's answer, but contended the same were incompetent and prejudicial and did not constitute a defense. The court sustained plaintiff's motion to strike in its entirety. The defendant appealed from that ruling and this court, in an opinion filed in December, 1946 (*Krol v. Coryell*, 162 Kan. 198, 175 P. 2d 423), reversed the judgment of the trial court, striking out the third paragraph of the answer, but affirmed it in striking out the last portion of the prayer of the answer. Thereafter defendant filed in the district court a motion for judgment in its favor on the pleadings for the following reasons:

"1. The petition, filed just two weeks before barred by statute, purports to state a cause of action in the name of Bernieta Peterson 'for and on behalf of herself and the next of kin of Darryl J. Peterson,' whereas the answer shows that the New Amsterdam Casualty Company is the real party in interest.

"2. The petition fails to allege that this action was commenced by or at the instance of or for the use and benefit of the New Amsterdam Casualty Company and fails to show that the action was in fact commenced in the name of the above named plaintiff for the use and benefit of the A. S. Elliott Fruit and Grocery Company and the New Amsterdam Casualty Company.

"3. Bernieta Peterson Krol has no interest in the outcome of this law

suit, and the Supreme Court has determined that she had no cause of action at the time when this action was filed.

"4. No cause of action was properly alleged within the period of two years after the alleged accident, and it is now too late to amend the petition or substitute parties.

"5. The omission from the petition of any allegation showing the real party in interest is fatal herein."

This motion was heard July 16, 1948, and taken under advisement to July 21, 1948, when it was overruled by the court. This appeal is from that ruling.

The point argued here by the appellant is the statute of limitations. The pertinent portion of the applicable section of our compensation law then in force (§ 1, ch. 50, Laws 1938, G. S. 1945 Supp. 44-504) may be stated or quoted as follows: When the death of a workman under the compensation law is caused by the tort of a third person the dependents of the workman shall have the right to take compensation under the act and pursue their remedy by proper action in a court of competent jurisdiction against the third party tort feasor, and in the event of recovery the workman's employer shall be subrogated to the extent of compensation paid and medical aid provided by him to the date of such recovery. Such action "if prosecuted by the dependents . . . of a deceased workman, must be instituted within eighteen months from the date of such injury. Failure on the part of . . . the dependents . . . of a deceased workman to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which . . . the dependents . . . of a deceased workman may have against any other party for such . . . death, and such employer may enforce same in his own name or in the name of the . . . dependents . . . by proper action in any court of competent jurisdiction."

Appellant points out that the action was not brought by the dependents of the workman within eighteen months after his death —indeed it was almost two years—and further points out that there was nothing in the petition to indicate that it was brought by her husband's employer or its insurer.

It is contended by appellee that, having admitted the facts alleged in paragraph 3 of the answer at the time it was passed upon by the court this is sufficient notice to defendant that the action is

being prosecuted by the employer's insurer and on its behalf. In denying the motion to dismiss apparently the trial court took that view and quoted from *Elam v. Bruenger,* 165 Kan. 31, 193 P. 2d 225, where a similar question was before the court, and on page 38 of the opinion the court said:

"If the real party in interest was the employer, a simple disclosure of the fact would have dispelled all doubt and the cause could not properly have been dismissed on the ground it was barred under the statute."

The court was not justified in relying upon that statement in this case for two reasons: The court was there talking about a disclosure by pleadings filed in the action and within the time the employer might have brought the action. Here plaintiff's admission was by parol, which might give some uncertainty as to what was admitted as the brief of appellant here tends to show, and it was more than three years after the death of the workman for which the action was brought. In the Elam case this court held the action could not be maintained in the name of the dependents of the workman in a suit brought more than eighteen months after his death without an adequate disclosure that it was brought by and on behalf of the employer. We think the decision covers this action and that the court erred in overruling the motion to dismiss. While much more might be said and other cases analyzed and discussed, together with the changes made in the statute from time to time, we think such discussion unnecessary. The result is the judgment of the trial court should be reversed with directions to sustain the motion to dismiss the action.

It is so ordered.