No. 41,790

AULINE LADY, *Appellee,* v. RICHARD E. KETCHUM and STATE AUTO-MOBILE AND CASUALTY UNDERWRITERS, *Appellants.*

(352 P. 2d 21)

Opinion filed May 14, 1960.

*James P. Mize,* of Salina, argued the cause, and *C. L. Clark* and *T. M. Lillard, Jr.,* both of Salina, were with him on the brief for the appellants.

*Robert H. Royer,* of Abilene, argued the cause, and *Paul H. Royer* and *James E. Ahearn,* both of Abilene, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE J.: This is an action to recover for the alleged wrongful death of Gerald Lady which occurred on February 1, 1957, as the result of a highway collision.

Defendants appeal from orders overruling their demurrer to the original petition and their motion for judgment on the pleadings and record.

The action was commenced on January 27, 1959, by Auline Lady, widow of deceased, and her petition alleged there had been no probate of the estate of decedent; that more than one year had expired since his death, and that the action was brought for the exclusive benefit of plaintiff and her four minor children.

The petition further alleged that her husband's death was caused by the negligence of defendant Ketchum in the operation of his truck, and that Ketchum's insurance carrier was defendant State Automobile and Casualty Underwriters. The allegations of negligence need not be set out. The prayer was that plaintiff recover judgment against defendants and each of them.

Defendants filed a joint demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action in favor of plaintiff against either defendant. This demurrer was argued on May 18, 1959, and taken under advisement. On May 25, 1959, plaintiff's counsel, by letter, requested that the court sustain the demurrer; that plaintiff be granted leave to file an amended petition instanter, and that defendants be allowed twenty days in which to answer or otherwise plead to the amended petition.

On June 10, 1959, the court sustained the demurrer, allowed plaintiff to file an amended petition, and granted defendants twenty days within which to plead thereto.

On June 12, 1959, plaintiff filed her first amended petition. It adopted and realleged all of the allegations of the petition and further alleged that at all times material her deceased husband was a resident of Abilene, Kansas; that she was the surviving widow; that no administration had been had on his estate in Kansas or elsewhere, and that more than one year had expired since his death.

In passing, it should be noted that in this first amended petition, as in the petition, Auline Lady was listed as sole plaintiff.

On July 28, 1959, defendants filed their answer to the first amended petition. It admitted that plaintiff was the surviving widow of the deceased; that he was fatally injured on February 1, 1957, as the result of a collision with a truck driven by defendant

Ketchum, but that his death was directly and proximately caused by his own contributory negligence, and then alleged the following:

"(4) Defendants further state that at the time of said collision on February 1, 1957, the decedent, Gerald K. Lady, was employed by Security Milling Company, Inc. Said decedent and his said employer were under the Workmen's Compensation Act of the State of Kansas. Lumberman's Mutual Casualty Company was the Workmen's Compensation insurance carrier for said decedent and his employer. It paid benefits to the plaintiff under the Workmen's Compensation Act and its policy for said fatal injuries and death. Any pretended cause of action of plaintiff was assigned, by operation of law, to Lumberman's Mutual Casualty Company eighteen (18) months after said date of injury. The said insurance company is the real party in interest and the only party authorizd to maintain this action and this action is barred by the statutes of limitations in such cases made and provided.

"WHEREFORE, having fully answered, defendants pray that they be awarded judgment against plaintiff for all of the costs herein incurred."

On August 13, 1959, plaintiff procured an order allowing her twenty days from date in which to reply or otherwise plead to the answer.

On the same date, August 13, 1959, plaintiff filed her notice of appeal to this court from the previous order sustaining defendants' general demurrer to the petition. (The appeal was subsequently dismissed pursuant to rule 2 of this court on October 15, 1959.)

On August 17, 1959, plaintiff filed a motion to vacate the previous order sustaining defendants' general demurrer to the petition. Following a hearing on this motion the court, on August 26, 1959, sustained plaintiff's motion to vacate the previous order and entered an order overruling the demurrer. (The rulings and orders in question were made within the same term.)

On August 27, 1959, plaintiff filed a motion for leave to amend the first amended petition so as to correct and eliminate inaccuracy in the name and capacity of the party plaintiff and truly to reflect in her further pleading that the action is brought on behalf of plaintiff and under statutory assignment as provided by G. S. 1949, 44-504, as amended, on behalf of her deceased husband's employer and its insurance carrier as their interests may appear.

On August 31, 1959, defendants filed a motion for judgment on the pleadings, alleging that their answer was served and filed on July 28, 1959; that plaintiff had neither replied nor demurred to the answer, and that the pleadings on file conclusively show, as a matter of law, that defendants are entitled to judgment.

Thereafter, on September 15, 1959, plaintiff's motion for leave to

amend the first amended petition was allowed, and on the same date she filed her second amended petition, which reads:

"COMES Now, the Plaintiff, Auline Lady, and for her cause of action against the Defendants, and each of them, alleges and states:

"(1) That the Plaintiff incorporates herein all of Paragraphs One (1) through Twenty (20) of the original Petition filed in this cause and Paragraphs One (1) through Three (3) of the First Amended Petition filed herein as fully as completely as if set forth at length in this Second Amended Petition.

"(2) That on and about the 1st day of February, 1957, the Decedent, Gerald Lady was employed by Security Milling Company, Inc., a Kansas corporation with its principal offices and place of business at Abilene, Dickinson County, Kansas; that at the time of the collision herein, he was operating his employer's truck in the regular course of his employer's business; that said Decedent and his said employer were under the Workman's Compensation Act of the State of Kansas and the Lumberman's Mutual Casualty Company of 4150 Sheridan Road, Chicago 40, Illinois, was the Workman's Compensation insurance carrier of said Security Milling Company, Inc. on said date; that, under the terms of its insurance contract, said Lumberman's Mutual Casualty Company has paid to this Plaintiff for the benefit of the Plaintiff and her four minor children the sum of Four Thousand Two Hundred Twenty-four Dollars ($4,224.00) and shall continue making payments to said Plaintiff for the benefit of the Plaintiff and her four minor children at the rate of Sixty-four Dollars ($64.00) every two weeks until the entire compensation award of Twelve Thousand Five Hundred Dollars ($12,500.00) has been paid, all under the Kansas Workman's Compensation Act; that said Lumberman's Mutual and Casualty Company has an interest in this action in its own right in the total sum of Four Thousand Two Hundred Twenty-four Dollars ($4,224.00) to date and an accruing sum of Sixty-four Dollars ($64.00) every two weeks from the date of this Amended Petition; that the Plaintiff has an interest in this action in her own right for the exclusive benefit of herself and her minor children in the sum of Twenty Thousand Seven Hundred Seventy-six Dollars ($20,776.00) less that amount accrued in favor of the Lumberman's Mutual Casualty Company at the time of the final hearing herein.

"(3) That this action is brought by the Plaintiff on behalf of herself, her minor children, Security Milling Company, Inc., of Abilene, Kansas, and Lumberman's Mutual Casualty Company of Chicago, Illinois, as their interests may appear under the statutory assignment as provided by Section 44-504, Kansas General Statutes, 1949, as amended.

"WHEREFORE, the Plaintiff, on behalf of herself, Security Milling Company, Inc. and Lumberman's Mutual Casualty Company, as their interests may appear, demands judgment against the Defendants and each of them, jointly and severally, in the sum of $25,000.00 for wrongful death and funeral expenses, for interest on said judgment at the maximum legal rate, for her costs in this action and such other and further relief as to the Court may seem just and proper.                    (Signed) AULINE LADY
                                                    Auline Lady"

Defendants immediately filed a motion for judgment on the pleadings and record on the grounds the pleadings wholly failed to state facts sufficient to constitute a cause of action in favor of plaintiff against defendants or either of them; that the action is barred by the statute of limitations, and that as a matter of law defendants are entitled to judgment.

The parties concede that this motion was considered and treated as a demurrer. The motion was overruled on September 28, 1959, and defendants thereupon perfected this appeal.

Due to the rather "irregular" state of the pleadings in this case, several questions pertaining to the propriety of the various intermediate rulings are raised by the parties. Each has been examined and considered, but it is felt that a discussion of them would serve no purpose other than merely to prolong this opinion. We therefore proceed to the basic and decisive question involved.

Insofar as here material, G. S. 1959 Supp. 44-504 reads:

"When the . . . death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, . . . his dependents or personal representatives shall have the right to take compensation under the act and pursue . . . their remedy by proper action in a court of competent jurisdiction against such other person. . . . Such action against the other party, . . . if prosecuted by the dependents or personal representatives of a deceased workman, must be instituted within eighteen (18) months from the date of such injury. Failure on the part of the . . . dependents or personal representatives of a deceased workman to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which . . . the dependents or personal representatives of a deceased workman may have against any other party for such . . . death, and such employer may enforce same in his own name or in the name of the . . . dependents or personal representatives for their benefit as their interest may appear by proper action in any court of competent jurisdiction. . . ."

Here the deceased met his death on February 1, 1957. The petition was filed by the widow as sole plaintiff, for the benefit of herself and minor children, on January 27, 1959, just four days less than two years from the date of death. The petition contained no mention of the deceased's employer or of workmen's compensation. Defendants contend that under the plain language of the statute, above, any action prosecuted by the dependents of a deceased workman must be instituted within eighteen months from the date of the fatal injury—and, this action not being filed until long after

the expiration of the eighteen-month period—and filed in the form in which it was—was barred by the statute in question. (*Elam v. Bruenger,* 165 Kan. 31, 193 P. 2d 225; *Krol v. Coryell,* 168 Kan. 455, 214 P. 2d 314; *Wise v. Morgan-Mack Motor Co.,* 173 Kan. 372, 246 P. 2d 308; *Terrell v. Ready Mixed Concrete Co.,* 174 Kan. 633, 258 P. 2d 275; *Whitaker v. Douglas,* 179 Kan. 64, 292 P. 2d 688; *Erb v. Atchison, Topeka & Santa Fe Rly. Co.,* 180 Kan. 60, 299 P. 2d 35; *Turner v. Benton,* 183 Kan. 97, 325 P. 2d 349.)

Concededly, an action for wrongful death—irrespective of 44-504—must be brought within two years (G. S. 1959 Supp. 60-3203). The first amended petition was filed on June 12, 1959, long after the two-year period had expired. It adopted by reference the allegations of the petition to the effect the action was brought for the exclusive benefit of plaintiff and her four minor children, and again no reference was made to the deceased's employer or to workmen's compensation. Defendants contend the first amended petition was likewise barred.

The second amended petition, above set out, filed on September 15, 1959, and some six weeks after defendants filed their answer, alleges that the action is brought by plaintiff on behalf of herself, her minor children, and the deceased's employer and its insurance carrier, as their interests may appear, under the statutory assignment provided by 44-504. Defendants contend the plaintiff thus expressly admits all of the jurisdictional facts to show the action is governed by the provisions of 44-504, exactly as was alleged in their answer; that neither the deceased's employer nor its insurance carrier has yet commenced an action, and that plaintiff's reference to them in her second amended petition—even if it had been filed within the two-year period—is not a compliance with the statutory provision which authorizes the *employer* to bring the action in his own name or in the name of the dependents for their benefit, as their interest may appear. In other words, it is argued that the second amended petition attempts to bring the action in the form and manner just *opposite* that authorized by the assignment portion of the statute, and it is contended that from its inception the action always has been brought and prosecuted solely by plaintiff widow.

In her brief plaintiff concedes that her original petition was filed by her as sole plaintiff with no mention of her deceased husband's employer or its insurance carrier; that all proceedings in the case subsequent to the filing of the original petition occurred after the

two-year statute of limitations had run under the wrongful-death statute; that under 44-504 the sole right to prosecute the action vested in deceased's employer eighteen months after his death, which date was prior to the commencement and filing of the action by her, but contends that the "cause of action" for wrongful death has remained the same in all three petitions; that the sole change brought about by the amendments is additional allegations setting forth the statutory capacity of plaintiff to bring the action and those allegations stating the interest of deceased's employer and its insurance carrier, and that any allegations in the second amended petition to the contrary constitute mere surplusage which she desires to strike and will strike at the appropriate time.

In other words, despite her concessions, plaintiff contends that it was proper to permit her to amend in order to show the capacity in which she sues (*Early v. Burt*, 134 Kan. 445, 7 P. 2d 95, opinion on rehearing 135 Kan. 717, 12 P. 2d 1117); that the cause of action was not changed by any of the amendments so made, and that such amendments relate back to the original filing of the action so as to bring it within the two-year period of the statute of limitations. In support of her position, and that taken by the trial court, plaintiff relies almost entirely on what was said and held in *Sundgren v. Topeka Transportation Co.*, 178 Kan. 83, 283 P. 2d 444, which was a case in which the injured workman filed an action in his own name approximately twenty-one months after the date of the injury. (In passing, it should be noted that under the provisions of 44-504, above, the action, if brought by an injured workman, must be brought within one year from the date of the injury, whereas in the case of death of a workman, as here, the action must be brought by his dependents or personal representative within eighteen months from the date of the fatal injury.) It was contended by defendant that the court erred in overruling its demurrer to the petition, as amended, on the theory that if the workman fails to bring the action within the first year and the employer determines to do so during the second year in the name of the workman, then the employer, in order to state a cause of action sufficient to withstand a general demurrer, must disclose on the face of the petition filed within that period both his identity and the necessary facts showing his right as statutory assignee of the cause of action to bring the suit.

In rejecting this contention this court pointed out that defendant's construction of the statute (44-504) was too narrow, and

that the liability of the tort-feasor remains the same for two years after the injury no matter who brings the action—the employee or the employer. In the course of the opinion it was said:

"When the defendant alleged in its answer that the plaintiff at the time of his injury was covered by the Workmen's Compensation Act and that he failed to file his action within one year and was, therefore, barred, the trial court required the plaintiff to file an amended petition setting forth the real party in interest. Under the above ruling, the amended petition was filed, as hereinbefore stated, alleging that the action was brought by the employer in the name of the employee for the benefit of the parties as their interest might appear. The only question remaining now is whether the allegations in the amended petition, filed more than two years after the cause of action accrued, relate back to the original filing of the petition. This must be answered in the affirmative. The amended petition was nothing more than an amplification of the original, setting forth the interest of the party plaintiff." (pp. 88 and 89.)

Defendants contend the facts in the Sundgren case are readily distinguishable from those before us in that there the amended petition, which was filed more than two years after the cause of action accrued, alleged that it was brought by the *employer* in the name of the employee for the benefit of the parties as their interest might appear—whereas here the second amended petition specifically alleges the action is brought by *plaintiff* on behalf of herself, her minor children, the deceased's employer and its insurance carrier, as their interest may appear—in other words, in the form and manner just *opposite* that provided by the statute, and unlike the amendment in the Sundgren case.

We believe defendants' interpretation of the statute is too narrow and that the second amended petition—although perhaps not technically a model of pleading—relates back to the petition, and that any discrepancy between the amendment in the Sundgren case and that in the case before us is a distinction without a difference. We therefore hold the action was not barred by either the eighteen-month or two-year statute of limitations, and the judgment is affirmed.

PRICE, J., dissenting: In my opinion this case has been decided incorrectly.

It is conceded by all parties that two statutes are involved.

G. S. 1959 Supp. 60-3203 provides that an action for wrongful death must be brought within two years.

G. S. 1959 Supp. 44-504 provides that the action must be prosecuted by the dependents of a deceased workman within eighteen months from the date of the fatal injury, and that failure to do so operates as an assignment to the employer of the cause of action in tort, and that such *employer* may enforce the same in his own name or in the name of the dependents or personal representatives for their benefit as their interest may appear.

When this action was filed plaintiff widow (a dependent) had long since been barred by the eighteen-month provision from maintaining it. It could have been filed on that date by her deceased husband's *employer,* but neither the employer nor its insurance carrier (G. S. 1949, 44-532) saw fit to do so. They were not even injected into the case until defendants' answer was filed, long after the two-year statute had fallen. The second amended petition—filed still later—was *not* brought by the *employer* in its own name or in the name of the dependents as their interest may appear, but was *brought* by *plaintiff widow* (a dependent) on behalf of herself, her minor children, her deceased husband's employer and its insurance carrier as their interest may appear—thus clearly distinguishing it from the Sundgren case.

*Whitaker v. Douglas,* 179 Kan. 64, 292 P. 2d 688, was a case where the workman was injured, rather than killed, as here, but the principle involved was the same. It was held that one who attempts to proceed under 44-504 must act within the time provided in that section, and in the course of the opinion it was said:

"In defendants' motion for judgment on the pleadings, which was sustained and from which this appeal was taken, one of the grounds of the motion was that plaintiff's action was brought too late under the above statute. Appellant's pleadings disclosed that the injury for which he seeks to recover occurred on June 19, 1951, and the original petition was filed in this case on May 18, 1953. This was a year and eleven months after the accident occurred. Neither the Victory Sand Company, nor its insurance carrier was named as a party plaintiff in that petition, nor was any mention made that they were asserting any right which they might have had. Any cause of action in tort which the workman had, was assigned to his employer eleven months before the petition was filed. The petition was never amended. The first time that his employer and its insurer was mentioned as having anything to do with the case was in the amended reply which was filed February 2, 1955, which was more than three and a half years after the date of the accident.

"It is clear that when the petition was filed plaintiff had lost his right to file it in the form it was, and that the late reference to his employer and its insurer having an interest in the matter was belatedly injected into the case. . . . (citing cases).

"We think the court did not err in sustaining defendants' motion for judgment on the pleadings. The judgment of the trial court is affirmed." (pp. 71 and 72.)

It is quite true that in the present case the petition was amended —but such was done long after the running of the two-year statute —and, as heretofore stated, was *not* in compliance with 44-504.

In *Elam v. Bruenger*, 165 Kan. 31, 193 P. 2d 225, which was a death case, it was said, in reference to 44-504:

"Under the statute the personal representative could institute an action within eighteen months, and in the succeeding six months the employer could, but there was no time in which each could institute actions at the same time." (p. 36.)

I realize fully that courts are properly committed to a liberal interpretation of the provisions of the compensation act so as to prevent injustices to injured workmen or their dependents, but in my opinion such liberal construction should not be extended so as to do violence to the plain wording of a statute.

For the reasons stated I respectfully dissent.