No. 42,189

CLARENCE E. DAVIS, *Appellant*, v. JAMES N. REED, *Appellee.*

(360 P. 2d 847)

Opinion filed April 8, 1961.

*Orval L. Fisher*, of Wichita, argued the cause, and *Norman G. Maben*, of Wichita, was with him on the brief for the appellant.

*Philip Kassebaum*, of Wichita, argued the cause, and *Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Gerrit H. Wormhoudt, John E. Rees, Robert T. Cornwell* and *Willard B. Thompson*, all of Wichita, were with him on the brief for the appellee. *Hugo T. Wedell* and *Homer V. Gooing*, both of Wichita, of counsel.

The opinion of the court was delivered by

SCHROEDER, J.: This is a common law action for personal injuries and property damage resulting from an ordinary intersection collison in the City of Wichita, Kansas, between two motor vehicles on July 24, 1956. The action was filed twenty-two months after the accident.

The only question presented is whether a party who has a *right* to recover workmen's compensation, which he fails to assert against his employer, is required to bring his common law action against a third party wrongdoer within one year under the provisions of G. S. 1955 Supp., 44-504 (now G. S. 1959 Supp., 44-504).

The plaintiff, Clarence E. Davis (appellant), in his petition charged the defendant, James N. Reed (appellee), with negligence, and the defendant in his answer charged the plaintiff with contributory negligence. Issues were traversed and the matter was tried before a jury. It was first discovered during the plaintiff's testimony that he was employed by the Wichita Eagle, Inc., a newspaper in Wichita, Kansas, on the 24th day of July, 1956, when the accident occurred, collecting for ads that had been run the previous day. He testified he made no claim for workmen's compensation because he "didn't know anything about that." It is conceded the Wichita Eagle was operating under the workmen's compensation act, and the plaintiff admitted the suit was not brought by the Wichita Eagle or its workmen's compensation insurance carrier. The plaintiff received no benefits from his employer as a result of the injury.

The trial court overruled a demurrer to the plaintiff's evidence, whereupon the defendant over objection was granted leave to amend his answer to add the following allegation:

"No. 5. For further answer it is alleged that at the time of the accident plaintiff was employed by the Wichita Eagle, Inc. and plaintiff and his employer were subject to and were operating under the provisions of the workmen's compensation act of the State of Kansas; that the injury sustained by plaintiff for which claim is made in this action is an injury for which compen-

sation was payable under the workmen's compensation act of the State of Kansas; that the cause of action therefore was assigned by statute to the employer and its insurance carrier at the expiration of one year after the date the injury was sustained; that this action was brought more than one year after the date of injury; that this action was brought solely by the workman, and the employer and its insurance carrier have no interest in this action and have not brought this action and the claim is therefore barred by limitation and the plaintiff is an improper party to bring the action."

At the close of all the evidence the trial court, on motion of the defendant, directed a verdict in favor of the defendant, assigning as its reason the substance of the foregoing quoted allegation in the answer.

After hearing argument on the plaintiff's motion for a new trial, the trial court sustained the motion insofar as property damages were concerned, but overruled the motion as to personal injuries.

Appeal has been duly perfected by the plaintiff presenting the question heretofore stated. The defendant did not cross appeal from the order granting the plaintiff a new trial on the matter of property damages. The appellee is therefore not here on the question whether the plaintiff's evidence has shown sufficient facts to constitute a cause of action. On this point the appellee contends the appellant's evidence convicted him of contributory negligence as a matter of law. As we read the record, even if the appellee were here on this question, it is properly one which should be left to the jury for determination.

It is the appellee's position that this is a case in which compensation was payable under the workmen's compensation act to the appellant, and since he failed to file suit in his own behalf within one year from the time of the accident, or amend his petition to show the action was being prosecuted by his employer, under the provisions of G. S. 1959 Supp., 44-504, the cause of action was assigned to the appellant's employer and could therefore not be enforced by the appellant. For this reason it is argued the appellant is barred from recovery in this action.

Our decision turns on the construction of 44-504, *supra*, which insofar as pertinent provides:

"When the injury . . . *for which compensation is payable* under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, . . . shall *have the right to take compensation under the act and pursue his . . . remedy* by proper action in a court of competent jurisdiction against such other person. In the event of recovery from such other person by the injured work-

man, . . . by judgment, settlement or otherwise, the employer shall be *subrogated to the extent of the compensation and medical aid provided by him to date of such recovery* and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien: . . . Such action against the other party, if prosecuted by the workman, must be instituted within one (1) year from the date of the injury, . . . *Failure on the part of the injured workman, . . . to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman . . . may have* against any other party for such injury . . . and such employer may enforce same in his own name or in the name of the workman, dependents or personal representatives for their benefit as their interest may appear by proper action in any court of competent jurisdiction . . ." (Emphasis added.)

We have been cited to no Kansas case, nor has our research disclosed any, which has directly decided the question presented under 44-504, *supra*, as it presently appears.

The appellee relies upon the words "for which compensation is payable" at the beginning of 44-504, *supra*, but overlooks other portions of the statute. It is argued the word "payable" means legally enforceable, justly due, capable of being paid, citing *National Bank v. National Bank*, 84 Tex. 40, 19 S. W. 334; and *In re Advisory Opinion to the Governor*, 74 Fla. 250, 77 So. 102. The appellee contends the statutory language is clear and unambiguous and 44-504, *supra*, given a liberal construction, must be enforced literally.

In many states the workmen's compensation acts specify what shall occur as a condition precedent to assignment of the cause of action to the employer, such as: An award of compensation, payment of compensation, perfecting a claim for compensation, or the existence of an obligation or liability to pay compensation. (101 C. J. S., Workmen's Compensation, § 998, pp. 524, 525.)

Notwithstanding the fact this court is committed to the rule of liberal construction of the workmen's compensation act in order to award compensation to an injured workman in cases where it is reasonably possible to do so within the provisions of the act, consistency of decisions involving interpretation of the act cannot be maintained by construing it liberally in favor of compensation where the workman seeks compensation and strictly against compensation when he seeks damages. In other words, the same rule must govern a given set of facts whether invoked by an employer or an employee. (*Bright v. Bragg*, 175 Kan. 404, 264 P. 2d 494; *Shuck v. Hendershot*, 185 Kan. 673, 347 P. 2d 362; and *Schafer v. Kansas Soya Products Co.*, 187 Kan. 590, 358 P. 2d 737.) Here it is interesting to note the appellee, a so-called third party wrongdoer, is asserting the rule of

liberal construction under the workmen's compensation act to avoid common law liability.

The natural and logical interpretation of 44-504, *supra*, contemplates that a claim for workmen's compensation must be asserted by the injured workman against his employer, or he must accept compensation, *to invoke the provisions of the act pursuant to which compensation is payable.* (See, G. S. 1959 Supp., 44-520a, and 44-557.) In other words, there can be no compensation *payable* to the workman for the injury unless, as a condition precedent, the provisions of the workmen's compensation act pursuant to which compensation is payable are *invoked* by the injured workman. The first sentence of 44-504 gives the injured workman the *right to take compensation under the act*, in addition to his already existing common law action against the negligent third party. Thus, where the injured workman asserts his common law action, the remaining portion of the section governs the relationship between the workman and the employer *in the event the workman chooses to take compensation.* Before these provisions can have any application the condition precedent must be met. Obviously, the employer cannot be subrogated until liability has been incurred on behalf of the workman under the act. The automatic assignment of the workman's cause of action against a third party wrongdoer, where the prior conditions have been met, is precautionary and intended as additional security to the employer *who has acquired subrogation rights.* The foregoing construction of 44-504, *supra*, is consistent with Kansas decisions.

The workmen's compensation act fixes the liability of an employer to his employee where both parties are under the act, and this liability is founded upon the contract of employment and the statute. The liability in no sense depends upon tort. It is a liability growing out of contract, the terms of the statute being embodied in the contract. As between the employer and the employee the remedy provided by the workmen's compensation act is exclusive. The act does not attempt in any way to determine the rights or liabilities of the employee in respect to a person not his employer. It does not take away from an employee his common law right of action for injury to the person against one, not his employer, who by negligence has caused the injury. *(Moeser v. Shunk,* 116 Kan. 247, 226 Pac. 784; and see, 58 Am. Jur., Workmen's Compensation, § 60, p. 616; and 106 A. L. R. 1040, 1041.)

The language of 44-504, *supra*, assumes that the liability of a person other than the employer, which exists at common law, continues after the adoption of the act. Thus, a common law action by an injured workman is not affected by the statute, unless the injured workman, who has a right bestowed upon him by the compensation act, brings himself under the statute by asserting a claim for which compensation is payable under the act, or by accepting compensation thereunder, and thereby creating a situation which requires adjustment between the employer and the employee in the event of recovery.

Where the conditions precedent have been met to invoke the provisions of the workmen's compensation act, under 44-504 the employee's failure to institute an action against the third party wrongdoer within the time operates as a statutory assignment of his cause of action to his employer, but such assignment is not complete and in destruction of the employee's right. It is restricted for the purposes set out in the statute and to be pursued as authorized by the statute. In effect, it gives the employer a cause of action which he did not otherwise possess. (*Terrell v. Ready Mixed Concrete Co.,* 174 Kan. 633, 258 P. 2d 275, and see, *Krol v. Coryell,* 162 Kan. 198, 175 P. 2d 423.)

In reading the cases construing the force and effect of 44-504, *supra*, it is important to bear in mind the changes in this section of the act. In the *Krol* case the statute as it existed prior to the 1947 amendment was set out at length and previous amendments were discussed. One of the fundamental differences in the 1938 amendment was noted, it being wholly silent on the subject of equitable contribution or distribution between the employee and the employer, when the employer enforced a cause of action after acquiring it by assignment under the statute. (See, *Jolley v. United Power & Light Corp.,* 131 Kan. 102, 289 Pac. 962, which arose under the 1927 amendment, antecedent to 44-504, *supra.*)

We think it fundamental that an injured employee covered by the workmen's compensation act has a choice as to whether or not he will take compensation from his employer. Furthermore, in our opinion, it is immaterial whether an employee has elected not to pursue his right to take compensation under the act, or whether he has failed to assert his claim within the time required by the act in ignorance of his right to assert such claim. A third party wrongdoer is in no way prejudiced by the failure of an injured employee

to assert his claim for compensation payable under the act, whether or not such employee knows of his right to compensation.

In *Turner v. Benton,* 183 Kan. 97, 325 P. 2d 349, the court observed, under the factual statements there set forth in the pleading, it was clear that the workman *"having elected to take compensation* from his employer and at the same time maintain his common law action, is subject to and governed by the provisions of G. S. 1957 Supp., 44-504." (p. 100.) (Emphasis added.)

In *Elam v. Bruenger,* 165 Kan. 31, 193 P. 2d 225, the decision was governed by the amendment prior to 1947 and was very similar to *Krol v. Coryell,* supra. The principles set forth in the earlier cases and followed consistently by the Supreme Court in regard to the particular amendments of the statute under discussion which were then in effect, are clearly apparent from *Sundgren v. Topeka Transportation Co.,* 178 Kan. 83, 283 P. 2d 444. There the workman's employer and the insurance carrier were subrogated in the amount of payments made to the workman. It was contended by the defendant that where the employee fails to bring the action within the first year, and the employer proceeds to do so in the second year in the name of the workman, the employer to state a valid cause of action must disclose in the petition both his identity and the necessary facts showing his right as statutory assignee of the cause of action to bring the suit. In the opinion the court said:

"We are of the opinion that defendant's construction of the statute is too narrow. *The statute was not enacted to relieve, alter or vary in any way the liability for the tort of the third party wrongdoer.* (*Moeser v. Shunk,* 116 Kan. 247, 226 Pac. 784.) *The liability of the tort-feasor remains the same for two years after the injury no matter who brings the action*—the employee or the employer. Workmen's compensation statutes are to be liberally construed with the view of making effective the legislative intent and not for the purpose of nullifying it. (*Clifford v. Eacrett,* 163 Kan. 471, 183 P. 2d 861.)" (p. 88.) (Emphasis added.)

A more recent decision following the *Sundgren* case is *Lady v. Ketchum,* 186 Kan. 614, 352 P. 2d 21, decided under 44-504, *supra,* as it presently appears.

This section of the act, insofar as it is material to our decision herein, is the same as it was under the 1947 amendment, the change made by the 1955 amendment being immaterial.

Both parties rely upon substantially the same decisions, heretofore cited or discussed, but in construing much of the language upon which the appellee relies in these decisions he fails to recognize that

a claim for compensation was asserted by the injured employee for which compensation was payable under the act.

In conclusion we hold the common law action filed by the appellant against the appellee was in no way affected by the provisions of G. S. 1959 Supp., 44-504. The action is a common law action for damages based upon the alleged negligence of the appellee. It is undisputed the appellant asserted no claim and received no benefits under the workmen's compensation act from the Wichita Eagle, Inc., his employer. The employer, having made no payments upon which to base a subrogation claim, is not a real party in interest.

The trial court, after having permitted the appellee to amend his answer upon evidence which was already before the jury, should have instructed the jury to disregard all evidence relating to workmen's compensation, and submitted the case to the jury. (*Early v. Burt*, 134 Kan. 445, 7 P. 2d 95.) The trial court erred in directing a verdict for the appellee and also in its failure to grant the appellant's motion for a new trial as to personal injuries.

The judgment of the lower court is reversed with directions to grant a new trial.