No. 43,652

OLIVE BINGHAM, *Appellee,* v. HILLCREST BOWL, INC., a corporation, *Appellant.*

(392 P. 2d 942)

June 6, 1964.

Opinion filed

*Jerry W. Hannah,* of Topeka, argued the cause, and *Clayton M. Davis* and *Mark L. Bennett,* both of Topeka, were with him on the briefs for the appellant.

*John A. Emerson,* of Lawrence, argued the cause, and *Richard A. Barber* and *Fred N. Six,* both of Lawrence, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This is an appeal by the defendant from an order overruling its demurrer to the plaintiff's amended petition.

So far as here need be noted, the amended petition alleges that on May 6, 1960 (more than a year prior to the filing of this action), the plaintiff, an employee of Joy'O, Inc., was injured as a result of the defendant's negligence; that under an award of the Workmen's Compensation Director plaintiff was paid compensation by her employer and its insurance carrier who thereby became subrogated to the extent of their payments, and both they and plaintiff have an interest in this action; and that *"this action is brought in the name of Olive Bingham for her benefit and for the benefit of Joy'O, Inc. and Royal Indemnity Company (the insurance carrier), as their interests appear under the statutory assignment provisions of G. S. 1949, 44-504 as amended."* (Emphasis supplied.)

The petition concludes with a prayer that plaintiff, Joy'O and Royal Indemnity have judgment against the defendant.

G. S. 1961 Supp., 44-504, so far as material to the present action, provides as follows:

"When the injury . . . for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, . . . shall have the right to take compensation under the act and pursue his . . . remedy by proper action in a court of competent jurisdiction against such other person. . . . Such action against the other party, if prosecuted by the workman, must be instituted within one (1) year from the date of injury, . . . Failure on the part of the workman, . . . to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman . . . may have against any other party for such injury . . . and such employer may enforce same in his own name or in the name of the workman, . . . for their benefit as their interests may appear by proper action in any court of competent jurisdiction. . . ."

The defendant contends that the amended petition shows on its face that the plaintiff has no legal capacity to bring this action under the above statute and that she is not the proper plaintiff therein.

In two recent cases, *Lady v. Ketchum*, 186 Kan. 614, 352 P. 2d 21, and *Jordan v. Lacey*, 189 Kan. 169, 368 P. 2d 34, similar contentions have been before this court and have been decided adversely to the defendant's claim. Due consideration has been given to the arguments of and the authorities cited by defendant's counsel but we discern no reason for changing the rule previously announced in our decisions. Accordingly, we hold that the foregoing cases are decisive of the question presented in this appeal and that the defendant's demurrer was properly overruled.

The decision of the trial court is affirmed.