(843 P.2d 283)

No. 67,963

CAROL L. FOVEAUX, *Plaintiff/Appellee,* v. CASSANDRA L. SMITH, *Defendant/Appellee,* and COLONIAL INSURANCE COMPANY OF CALIFORNIA, *Intervenor/Appellant.*

Opinion filed December 4, 1992.

*Paul Hasty, Jr.,* and *Robert J. Luder,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, for appellant.

*Kathryn D. Myers* and *Danton C. Hejtmanek,* of Bryan, Lykins & Hejtmanek, P.A., of Topeka, for appellee Carol L. Foveaux.

*Meryl D. Wilson,* of Stites, Hill, Wilson & Knopp, of Manhattan, for appellee Cassandra L. Smith.

Before LARSON, P.J., PIERRON, J., and M. KAY ROYSE, District Judge, assigned.

LARSON, J.: This appeal questions the trial court's discretion in limiting participation of the attorneys for a personal injury protection (PIP) insurance carrier in an automobile negligence action and the award of attorney fees to the insured's counsel.

On February 4, 1989, Carol L. Foveaux was involved in an automobile accident with Cassandra L. Smith, which resulted in Colonial Insurance Company of California paying Foveaux $12,886.59 in PIP benefits.

Foveaux did not sue Smith within 18 months after the date of the accident. Therefore, pursuant to K.S.A. 1991 Supp. 40-3113a(c), Colonial sued Smith in Riley County, Kansas, to recover its PIP benefits.

Smith's insurer, State Farm Insurance Company, requested that Colonial's claim be arbitrated, and Colonial voluntarily dismissed without prejudice its suit against Smith.

Before the statute of limitations ran, Foveaux sued Smith, alleging her negligence resulted in personal injuries.

Colonial's motion to intervene in Foveaux's suit was allowed, but with the following specific limitations:

(1) Colonial's name would not appear in the caption of the case;

(2) Colonial could not actively participate in the trial, but could sit at plaintiff's table and offer assistance to Foveaux's attorney;

(3) Colonial's attorney could approach the bench to make any objections deemed necessary to adequately protect Colonial's interest;

(4) Foveaux would cooperate with Colonial by making her file available to Colonial for the purposes of evaluation, input, and suggestions;

(5) Colonial's counsel would be precluded from stating at trial that he/she represented Colonial;

(6) Colonial's counsel would be precluded from making specific and separate arguments or additional voir dire questioning; and

(7) Colonial's counsel would not be permitted to secure his/her attorney fees from any settlement proceeds or verdict rendered; Colonial would be obligated to pay its own separately incurred attorney fees.

Just before trial, the trial court again denied Colonial's counsel's motion for active participation at the trial. Colonial did not have a lawyer present during the trial of the case.

The jury found generally in favor of Foveaux, who was charged with 15% of the negligence, while Smith was proportioned 85% of the fault. The trial court entered judgment in favor of Foveaux for $35,700. $19,975 of the judgment represented expenses for medical care and treatment incurred by Foveaux and her loss of time and income. This amount exceeded the PIP benefits paid by Colonial to Foveaux.

Colonial appeals the trial court's order denying it full participation at trial and the award of attorney fees to Foveaux's counsel. We affirm.

*Did the trial court err by limiting Colonial's participation in the discovery and trial?*

Colonial contends that because K.S.A. 1991 Supp. 40-3113a makes an absolute assignment to it of Foveaux's cause of action in tort once 18 months after the date of the automobile accident had expired without commencement of any action by Foveaux, it must be allowed to fully participate in the court proceedings.

Colonial correctly notes no Kansas appellate court has decided the extent of insurance carrier participation in the discovery process and at trial once a statutory assignment has taken place. Colonial argues cases interpreting K.S.A. 1991 Supp. 44-504 are relevant and require Colonial to be given full participation in discovery and trial.

Foveaux asserts there was no abuse of the trial court's discretion; that Colonial's interests were adequately protected and represented; that attempted analogies to K.S.A. 1991 Supp. 44-504 are flawed; and that Colonial waived its assignment rights by voluntarily dismissing its action against Smith.

Smith contends that even if the trial court erred by limiting Colonial's participation at trial, Colonial's substantial rights were not prejudiced, and no basis exists for a reversal of the judgment.

The statute at issue, K.S.A. 1991 Supp. 40-3113a, is part of the Kansas Automobile Injury Reparations Act (KAIRA), K.S.A. 40-3101 *et seq.*, which, although enacted in 1974, was substantially amended in 1977 to change the language concerning an insurer's right to recover PIP benefits. The statute reads in its entirety as follows:

"(a) When the injury for which personal injury protection benefits are payable under this act is caused under circumstances creating a legal liability against a tortfeasor pursuant to K.S.A. 40-3117 or the law of the appropriate jurisdiction, the injured person, such person's dependents or personal representatives shall have the right to pursue such person's remedy by proper action in a court of competent jurisdiction against such tortfeasor.

"(b) In the event of recovery from such tortfeasor by the injured person, such person's dependents or personal representatives by judgment, settlement or otherwise, the insurer or self-insurer shall be subrogated to the extent of duplicative personal injury protection benefits provided to date of such recovery and shall have a lien therefor against such recovery and the insurer or self-insurer may intervene in any action to protect and enforce such lien. Whenever any judgment in any such action, settlement or recovery otherwise shall be recovered by the injured person, such person's dependents or personal representatives prior to the completion of personal injury protection benefits, the amount of such judgment, settlement or recovery otherwise actually paid and recovered which is in excess of the amount of personal injury protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of such personal injury protection benefits.

"(c) In the event an injured person, such person's dependents or personal representative fails to commence an action against such tortfeasor within 18 months after the date of the accident resulting in the injury, such failure shall operate as an assignment to the insurer or self-insurer of any cause of action in tort which the injured person, the dependents of such person or personal representatives of such person may have against such tortfeasor for the purpose and to the extent of recovery of damages which are duplicative of personal injury protection benefits. Such insurer or self-insurer may enforce same in such person's own name or in the name of the injured person, representative or dependents of the injured person for their benefit as their interest may appear by proper action in any court of competent jurisdiction.

"(d) In the event of a recovery pursuant to K.S.A. 60-258a, and amendments thereto, the insurer of self-insurer's right of subrogation shall be reduced by the percentage of negligence attributable to the injured person.

"(e) Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the insurer or self-insurer and the injured person, his or her dependents or personal representatives in the amounts determined by the court."

Colonial's argument first brings into question the interpretation of subsection (c), which is ultimately a question of law for the courts. See *Hall v. State Farm Mut. Auto. Ins. Co.,* 8 Kan. App. 2d 475, Syl. ¶ 6, 661 P.2d 402, *rev. denied* 233 Kan. 1091 (1983).

" 'The fundamental rule of statutory construction, to which all others·are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statutes. Legislative intent is to be determined by a general consideration of the entire act. Effect should be given, if possible, to the entire statute and every part thereof. To this end it is the duty of the court, so far as is practicable, to reconcile the different provisions so as to make them consistent, harmonious and sensible. Where a statute is plain and unambiguous, this court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. Where various provisions of an act conflict, this court should attempt to reconcile such provisions in order to make them harmonious and sensible.' " 8 Kan. App. 2d at 478 (quoting *Arduser v. Daniel International Corp.,* 7 Kan. App. 2d 225, Syl. ¶ 1, 640 P.2d 329, *rev. denied* 231 Kan. 799 [1982]).

It is interesting to note that the repeal of K.S.A. 40-3113 and the enactment of K.S.A. 40-3113a by the 1977 legislature was apparently in response to the decision in *Easom v. Farmers Insurance Co.,* 221 Kan. 415, 560 P.2d 117 (1977), that PIP carriers were entitled to complete reimbursement of PIP benefits without deduction of attorney fees incurred in obtaining the recovery from a tortfeasor. Clearly, K.S.A. 1977 Supp. 40-4113a(e) was enacted to apportion attorney fees between an insured and the insurance carrier when PIP benefits are recovered. See *Nitchals v. Williams,* 225 Kan. 285, 590 P.2d 582 (1979). The right of reimbursement and indemnity under the old statute was transformed into a right of.subrogation under subsection (b) and assignment under subsection (c) in the new statute.

Colonial contends that because the amended language is quite similar to that authorizing third party actions to recover workers compensation benefits in K.S.A. 1991 Supp. 44-504, the decisions relative to those cases are applicable. The appellees contend the contrary. We agree with Colonial, but our reading of the third-

party workers compensation cases is fatal to Colonial's contention on appeal.

K.S.A. 1991 Supp. 44-504 provides in pertinent part:

"(a) When the injury or death for which compensation is payable under the workers compensation act was caused under circumstances creating a legal liability against some person other than the employer or any person in the same employ to pay damages, the injured worker or worker's dependents or personal representatives shall have the right to take compensation under the workers compensation act and pursue a remedy by proper action in a court of competent jurisdiction against such other person.

"(b) In the event of recovery from such other person by the injured worker or the dependents or personal representatives of a deceased worker by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by the employer to the date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Whenever any judgment in any such action, settlement or recovery otherwise is recovered by the injured worker or the worker's dependents or personal representative prior to the completion of compensation or medical aid payments, the amount of such judgment, settlement or recovery otherwise actually paid and recovered which is in excess of the amount of compensation and medical aid paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of the compensation or medical aid. Such action against the other party, if prosecuted by the worker, must be instituted within one year from the date of the injury and, if prosecuted by the dependents or personal representatives of a deceased worker, must be instituted within 18 months from the date of such injury.

"(c) Failure on the part of the injured worker, or the dependents or personal representatives of a deceased worker to bring such action within the time specified by this section, shall operate as an assignment to the employer of any cause of action in tort which the worker or the dependents or personal representatives of a deceased worker may have against any other party for such injury or death, and such employer may enforce the cause of action in the employer's name or in the name of the worker, dependents or personal representatives for their benefit as their interest may appear by proper action in any court of competent jurisdiction. The court shall fix the attorneys' fees which shall be paid proportionately by the employer and employee in the amounts determined by the court."

The "assignment" language of the two statutes is similar, and if employers and insurance carriers have been granted full participation in third-party tort actions when workers compensation has been paid, it is logical to argue that PIP carriers should be granted the same rights. We agree that granting the same rights

is logical, but Colonial's position fails by the very argument it makes because counsel for self-insured employers and insurance carriers have not been granted any greater rights than those given Colonial by the trial court herein.

There is no question, and it is not an issue on appeal, that pursuant to K.S.A. 1991 Supp. 40-3113a(b), Colonial had the right to intervene in the action between Foveaux and Smith. See *Russell v. Mackey*, 225 Kan. 588, 592, 592 P.2d 902 (1979). Our court in *Roberts v. Krupka*, 13 Kan. App. 2d 691, 779 P.2d 447 (1989), and the Kansas Supreme Court when considering the same case on review, 246 Kan. 433, 790 P.2d 422 (1990), ruled in favor of a liberal application of K.S.A. 60-224(a) when an employer and its insurance carrier waited until a tort action was near completion to intervene. The delay was not deemed fatal by either appellate court, and the finding by the trial court that the motion to intervene was not timely filed was deemed arbitrary. 246 Kan. at 444.

With the right of intervention firmly established, the issue then becomes the extent of that right.

The strict construction of the assignment provision which Colonial requests herein may find support in early Kansas cases dealing with third-party suits under the Workers Compensation Act, but that harsh rule was substantially altered by *Lady v. Ketchum*, 186 Kan. 614, 352 P.2d 21 (1960). In *Lady*, the plaintiff had filed the wrongful death action more than 18 months after the death of her husband, naming herself as sole plaintiff with no mention of her deceased husband's employer or its insurance carrier. G.S. 1949, 44-504 (1959 Supp.) stated that failure to institute such an action within 18 months acted as an assignment of the action to the employer. The central issue in *Lady* was whether to allow the filing of an amended petition to set forth the interest of the plaintiff along with her deceased husband's employer and its insurance carrier. The court allowed the plaintiff to amend her petition to show the capacity in which she sued, and the amendment was found to relate back to the original petition.

Although K.S.A. 1991 Supp. 44-504 on its face seems to deprive the employee of the right to sue after one year has elapsed, this is not the interpretation that has been placed thereon by the

Kansas Supreme Court. See *Klein v. Wells,* 194 Kan. 528, 538, 400 P.2d 1002 (1965); *Bingham v. Hillcrest Bowl, Inc.,* 193 Kan. 201, 202, 392 P.2d 942 (1964). The issue on appeal in many of the cases involves the correctness of allowing an amendment to show that the action is being pursued not only for the benefit of the injured worker but also for the worker's employer and the employer's workers compensation insurer. The usual legal rationale of the opinions is that when the worker is pressing the cause of action, there has not been a true assignment to the employer or insurer. See, *e.g., Miller v. Leavenworth-Jefferson Elec. Co-op.,* 653 F.2d 1378, 1382 (10th Cir. 1981).

It was never intended that the two-year period in which a cause of action could be brought should be shortened by the employer's right to recover compensation payments paid to an employee when a third-party action is brought. See *Rumbaugh v. Vonfeldt,* 190 Kan. 798, 805, 378 P.2d 5 (1963). The one-year limitation is "precautionary and intended as additional security to the employer who has acquired subrogation rights." *Davis v. Reed,* 188 Kan. 159, 163, 360 P.2d 847 (1961). See 2B Larson's Workmen's Compensation Law § 75.42 (1988).

The subrogation-assignment provision does not take from the employee the common-law right of action for injury against the third party who by negligence has caused the injury. 188 Kan. at 163. Nor has it barred the employee from bringing suit after one year when the original petition is brought not just for the benefit of the employee, but also for the employer and workers compensation insurer as their interests may appear. In cases allowing the employee to bring suit after one year, the employer has been limited to "little more than à nominal role." *Miller,* 653 F.2d at 1383.

In *Blank v. Chawla,* 234 Kan. 975, 977, 678 P.2d 162 (1984), and *Gorrell v. Kansas Power & Light Co.,* 189 Kan. 374, 378, 369 P.2d 342 (1962), the Kansas Supreme Court determined that when an insured employee brings an action against a third-party tortfeasor within the one-year period, the employer may intervene, but not actively participate in the trial. In *Gorrell,* it was held the trial court erred by permitting the insurance carrier to actively participate during trial.

The most recent and best Supreme Court announcement on this issue is found in *Roberts v. Krupka,* 246 Kan. 433, where in discussing the absolute right of the employer and its insurance carrier to intervene, Justice McFarland opined:

"The intervenors' only interest was in any recovery made and did not concern the issues between plaintiff and defendants. *Had the intervenors come in at the beginning of the litigation, their role would have been one of passive attendance at discovery proceedings, hearings, etc.* Their counsel would have just been one more individual to notice up as to proceedings." (Emphasis added.) 246 Kan. at 443-44.

This statement is admittedly dicta and involves a third-party action when workers compensation benefits have been paid, but it clearly supports the view taken by the trial court herein regarding the proper status to grant counsel for an intervenor in a third-party action when PIP benefits were properly recoverable.

The most distinguishing difference between K.S.A. 1991 Supp. 44-504(c) and K.S.A. 1991 Supp. 40-3113a(c) is that in the former the employee's entire cause of action is statutorily assigned to the employer, while in the latter a statutory assignment takes place only to the extent of recovery of damages which are duplicative of PIP benefits paid by the insurer. 16 Couch on Insurance 2d § 61:426, p. 409 (rev. ed. 1983), states: "Where a statutory assignment of the injured employee's right to sue the tortfeasor arises, the assignee has exclusive control of the claim, and may therefore compromise the claim before judgment without first obtaining the consent of the claimant, or the leave of any court or agency." Such a statement is proper when the entire recovery in a third-party action would first be applied to satisfy the assignment or subrogation rights, but has a different application when the recovery would include PIP benefits as well as payment for nonduplicative claims.

In this case, Colonial does not contend that Foveaux did not attempt to make a full recovery of all damages which were duplicative of the PIP benefits paid and, in fact, other than the reduction for the 15% comparative fault attributed to Foveaux, a complete recovery of PIP benefits paid by Colonial was obtained. Colonial has no factual basis for its argument that had it been permitted to participate, 100% of the fault would have been attributed to Smith. Colonial shows no actions that Foveaux's

counsel took or failed to take which resulted in the jury attributing a small part of the fault to Foveaux. Colonial did not elect to have its counsel present during the entire trial, it offered no trial suggestions, it presented no factual or legal argument to show the comparative fault issue was improperly presented, and has no legal or factually determinative argument that its rights were not adequately and fully protected and competently pursued by Foveaux's counsel.

Two cases cited by Foveaux in support of her position are helpful, although factually distinguishable. *Union Cent. Life Ins. Co. v. Carlisle,* 593 So. 2d 505 (Fla. 1992), involved a health insurer's intervention in a medical malpractice suit to recover benefits paid from the damages that might be assessed. Although intervention was allowed, Union Central was not allowed to participate in the trial. *Carlisle* upholds the right to intervene to protect a contractual right of refund, but is factually different from the present case.

*City of Manhattan v. Kent,* 228 Kan. 513, 618 P.2d 1180 (1980), involved a lessee's right to participate in condemnation proceedings between the city and the lessors (landowners) to determine the fair market value of the condemned land. *Kent* is also factually different, although it does uphold the principle that the extent of participation was left to the trial court's discretion. 228 Kan. at 520.

We do not agree with Foveaux's argument that Colonial waived its assignment rights when it voluntarily dismissed its suit against Smith. " 'Waiver is the intentional relinquishment of a known right or privilege.' " *Brown v. Globe Union, A Div. of Johnson Controls,* 694 F. Supp. 795, 800 (D. Colo. 1988). Colonial did not abandon or relinquish any rights. It acted consistently with maintaining its rights even though it did agree to arbitrate the claim with Smith's insurer.

Because the injured person has the absolute right to bring suit against a third-party tortfeasor within the limitations period, we hold that, although the right of intervention of a PIP carrier does exist, the primary right to control the litigation lies with the injured party. The injured party's rights are not eliminated by the statutory assignment, pursuant to K.S.A. 1991 Supp. 40-3113a(c), of an insured's cause of action in tort to the insurer to

the extent of duplicative PIP benefits paid when the insured fails to commence an action against the tortfeasor within 18 months after the date of the accident. The injured party remains in full and complete control of the cause of action no matter when, within the period of limitations, the injured party files suit.

Under such circumstances, an insurance carrier has no right to full participation at trial. It would be chaotic to grant full participation to the counsel for the PIP carrier who may pursue theories and claims the carrier deems beneficial, but which are detrimental to the primary holder of the cause of action. The extent of participation is a matter of trial court discretion.

We find it difficult to perceive of instances in which the injured party would attempt to restrict a recovery of damages in any manner that was deliberately detrimental to the holder of the assigned right to recover the PIP benefits. We will not attempt to develop ethical rules in response to the hypothetical situations that Colonial presented to us in oral argument in which the action of a plaintiff's counsel might be detrimental to the rights of a PIP carrier. The trial court's order allowed Colonial input and suggestions. There is no claim these requirements were violated, and it is clear no action was taken that was detrimental to Colonial's rights.

Colonial's attempt to obtain a blanket rule of full participation in every case in which the statutory assignment of the right to collect PIP benefits might take place is not justified. We hold the trial court did not abuse its discretion in ordering the limitations placed upon Colonial when it granted the motion to intervene. The trial court's rulings protected the rights of all parties.

*Was Colonial erroneously ordered by the trial court*
*to pay a portion of Foveaux's attorney fees?*

K.S.A. 1991 Supp. 40-3113a(e) states:

"Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the insurer or self-insurer and the injured person, such person's dependents or personal representatives in the amounts determined by the court."

Colonial contends the trial court's failure to find that part of Foveaux's claim had been statutorily assigned to it effectively

forced Colonial to pay part of Foveaux's attorney fees, as mandated by the foregoing section.

The award of attorney fees under K.S.A. 1991 Supp. 40-3113a(e) is a postjudgment intramural matter involving only the injured party and the insurer. *Potts v. Goss,* 233 Kan. 116, 118-19, 660 P.2d 555 (1983). Setting the amount of attorney fees is a matter addressed to the trial court's discretion. See *Ballweg v. Farmers Ins. Co.,* 228 Kan. 506, 512, 618 P.2d 1171 (1980). Discretion is abused when no reasonable person would agree with the trial court. *Hoffman v. Haug,* 242 Kan. 867, 873, 752 P.2d 124 (1988).

No order fixing attorney fees between Colonial and Foveaux has been included in the record on appeal, although both parties assert in their respective briefs that such an order was made, and both Foveaux and Colonial moved for costs and attorney fees.

" 'The intent of the legislature, as shown by its enactment of K.S.A. 40-3113a(e), is to provide compensation for attorneys for services they perform which have the effect of obtaining reimbursement for PIP benefits paid by the PIP insurer.' " *Johnston & Johnston, P.A. v. Gulf Ins. Co.,* 8 Kan. App. 2d 401, Syl. ¶ 1, 659 P.2d 249 (1983). "K.S.A. 40-3113a(e) directs the district court to fix proportional attorney fees between the insurer and the injured party when a recovery is made." *Potts v. Goss,* 233 Kan. at 118.

In *Russell v. Mackey,* 225 Kan. 588, 593, 592 P.2d 902 (1979), Justice Prager stated:

"K.S.A. 1977 Supp. 40-3113a specifically provides for a reduction in the PIP insurer's right of subrogation for PIP benefits paid in only two instances: (1) Under subsection (*d*), in the event of a recovery by the insured under the Comparative Negligence Statute, K.S.A. 60-258a, the PIP insurer's right of subrogation shall be reduced by the percentage of negligence attributable to the injured person. (2) Under subsection (*e*), the PIP insurer's right to subrogation for PIP benefits may be reduced to pay a portion of the attorney fees which were incurred in obtaining the settlement or judgment from the third-party tortfeasor."

K.S.A. 1991 Supp. 40-3113a(e) does not differentiate between an insurer's recovery of sums duplicative of PIP benefits paid pursuant to the insurer's subrogation rights under subsection (b) or assignment rights under subsection (c). The statute creates an

obligation to an attorney who is basically aligned with the paying party, the insurer, in the underlying suit. *American Family Mut. Ins. Co. v. Griffin,* 9 Kan. App. 2d 482, 485, 681 P.2d 683 (1984).

Colonial's argument might have had merit had we agreed with its contention that the statutory assignment gave it full control and complete participation in the tort action, but we have ruled to the contrary herein, and with that ruling, we emasculated any basis for its argument regarding improper allowance of attorney fees.

Our court has recognized that "even in the absence of a statute there may be in some instances an equitable obligation to pay an aligned party's attorney." 9 Kan. App. 2d at 485. Further, K.S.A. 1991 Supp. 44-504(c), provides that "[t]he court shall fix the attorneys' fees which shall be paid proportionately by the employer and employee in the amounts determined by the court." See *Nordstrom v. City of Topeka,* 228 Kan. 336, 342, 613 P.2d 1371 (1980).

It makes no difference whether the employer is subrogated under 44-504(b), or the action is brought pursuant to the statutory assignment in 44-504(c). See *Nordstrom,* 228 Kan. at 342.

The right to determine the postjudgment fee question is granted to the trial court. Colonial has not shown the trial court abused its discretion by ordering it to pay a portion of Foveaux's attorney fees. Foveaux's attorney performed services that obtained reimbursement for PIP benefits paid by Colonial. The statutory assignment of a portion of a cause of action to an insurer does not prevent the trial court from awarding attorney fees to counsel for the insured based upon services performed.

Both Foveaux and Smith contend Colonial's appeal is frivolous and have filed motions for costs and attorney fees pursuant to Rule 7.07(b) and (c) (1991 Kan. Ct. R. Annot. 36).

A frivolous appeal has been defined as: " 'One in which no justiciable question has been presented and appeal is readily recognized as devoid of merit in that there is little prospect that it can ever succeed.' " *Blank v. Chawla,* 234 Kan. 975, 982, 678 P.2d 162 (1984) (quoting Black's Law Dictionary 601 [5th ed. 1979]). The precise issue presented as to the extent of participation and the effect of the assignment have not previously been

decided by our appellate courts and we find the appeal is not frivolous. Foveaux's and Smith's motions for allowance of costs and fees are denied.

Affirmed.