No. 42,427

FRANK B. JORDAN, *Appellee*, v. WALTER LACEY, *Appellant*.

(368 P. 2d 34)

Opinion filed January 20, 1962.

*Charles E. Henshall,* of Chanute, argued the cause, and *Kirke C. Veeder,* of Independence, was with him on the brief for the appellant.

*Payne H. Ratner, Jr.,* of Wichita, argued the cause, *Payne H. Ratner, Louise Mattox, Cliff W. Ratner, Edmund R. Learned, James R. Barr, Frank W. Hylton* and *R. R. Barnes,* all of Wichita, and *Tom Crossan,* of Independence, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from an order of the district court of Montgomery County, Kansas, overruling a demurrer to an amended petition.

This action was commenced by the appellee (hereafter referred to as plaintiff) in his own name on July 11, 1960, by filing his petition in the district court. This was *more than one year after plaintiff's injury* but within two years. Thereafter an amended petition was filed pursuant to an order of the trial court on motions leveled at the petition. It alleged that on the 7th day of August, 1958, the plaintiff was injured as a proximate result of the alleged negligence of the appellant (defendant). The amended petition recites that it was brought in the name of the plaintiff "for the benefit of Tabor Motor Company, Inc., the Universal Underwriters Insurance Company, and plaintiff, as their interests appear." It specifically alleged:

"x.

"At the time of plaintiff's injury as described in Paragraph V plaintiff was performing the duties of service manager and was acting in the course of his employment with the Tabor Motor Company of Chanute, Kansas. By reason of said company's election to come within the Workmen's Compensation Act of Kansas, and its purchase of workmen's compensation insurance from the Universal Underwriters' Insurance Company of Kansas City, Missouri, plaintiff was furnished medical treatment and hospitalization by plaintiff's employer and the aforementioned insurance company in the amount of $2,320.95. Further, said insurance company has paid plaintiff weekly compensation based on temporary total disability and permanent partial disability in the total sum of $2,164.30. By reason of the payment of compensation and medical expenses, the plaintiff's employer, Tabor Motor Company, Inc., and its insurance carrier, Universal Underwriters Insurance Company, have the right of subrogation and interest in this action in the total sum of $4,485.55. This action is brought in the name of Frank B. Jordan for the benefit of the Tabor Motor Company, Universal Underwriters Insurance Company, and Frank B. Jordan, plaintiff herein, as their interests appear under the statutory assignment provisions of G. S. 1959 Supp., 44-504. By reason of the foregoing, plaintiff's employer and insurance carrier have been damaged in the sum of $4,485.55.

"WHEREFORE, plaintiff, Tabor Motor Company, and the Universal Underwriters Insurance Company, pray for judgment against defendant in the sum of $79,485.55 and for the costs of this action."

It is argued the amended petition discloses on its face the plaintiff has no legal capacity to sue and prosecute this action under the provisions of G. S. 1959 Supp., 44-504, and that the plaintiff is not the real party in interest.

The issue presented by this appeal has been squarely decided in *Lady v. Ketchum,* 186 Kan. 614, 352 P. 2d 21, and the appellant frankly concedes the burden is upon him to show why this case should not be followed. The arguments advanced have been carefully considered, but we find no reason to depart from the decision in *Lady v. Ketchum,* supra, for the reasons therein stated, and to which we adhere.

The judgment of the trial court is affirmed.

PRICE, J., dissents.