IN RE ADVISORY OPINION TO THE GOVERNOR.

Opinion Filed November 1, 1917.

OFFICIAL SALARIES—WHEN PAYABLE.

Section 3 of Article XVI of the Florida Constitution of 1885
provides that: "The salary of each officer shall be payable
quarterly upon his own requisition." The word *payable* as
used in this section of our organic law means capable of
being paid; suitable to be paid; admitting or demanding
payment; justly due; legally enforceable. Under the quoted
section of the organic law the annual salary fixed for each
officer is divided into four equal parts that become due and
payable at the end of each quarter of the year and not
before, and as no salary or part of a salary of an officer
should be paid before it becomes lawfully due and payable
it would seem to be irregular if not unlawful for the State
Comptroller to issue a warrant and for the Governor to
countersign same for the payment of any part of an official
salary prior to the time when by law it falls due and be-
comes payable.

Tallahassee, Fla., Nov. 1st, 1917.

*His Excellency Sidney J. Catts.*
*Governor of Florida,*
*Tallahassee, Florida.*

Sir:

We are in receipt of your communications of the 31st
ult., as follows:

"State of Florida,  "Sidney J. Catts,
"Executive Chamber,  "Governor.
"Tallahassee.  "J. V. Burke,
  "Secretary.

"October 31, 1917.

*"To the Honorable Chief Justice and Justices*
   *"of the Supreme Court of Florida,*
      *"Tallahassee, Florida.*

"Gentlemen:

"Under the provisions of Section 13 of Article IV of the Constitution of this State, I have the honor to request your written opinion affecting my powers and duties as Chief Executive under the following provisions of the Constitution:

> " 'Section 24, Article IV. The Treasurer shall receive and keep all funds, bonds and other securities in such manner as may be prescribed by law and shall disburse no funds or issue bonds or any other securities except upon the order of the Comptroller countersigned by the Governor in such manner as shall be prescribed by law.
>
> " 'Section 3, Article XVI. The salary of each officer shall be payable quarterly upon his own requisition.'

"Hon. W. A. McRae, Commissioner of Agriculture of the State of Florida, has made a requisition upon Hon. Ernest Amos, as Comptroller, for a warrant covering his salary as such Commissioner of Agriculture for the month of October, A. D. 1917, the said month of October being embraced in the quarter ending December 31 of the said year.

"I desire to be advised if in view of the foregoing provisions of the Constitution, I would be authorized as Governor at this time, or at any time prior to December

31, to countersign a warrant drawn on the State Treasurer covering such monthly salary or for such salary of any other constitutional officer for any period of time less than the full quarter.

"Very respectfully,

"SIDNEY J. CATTS,

"Governor."

"State of Florida,  "Sidney J. Catts,
"Executive Chamber,  "Governor.
"Tallahassee.  "J. V. Burke,
        "Secretary.

"Octoer 31, 1917.

*"To the Honorable Chief Justice and Justices*
*"of the Supreme Court of Florida,*
*"Tallahassee, Florida.*

"Gentlemen:

"Under the provisions of Section 13 of Article IV of the Constitution of this State, I have the honor to request your written opinion affecting my powers and duties as Chief Executive under the following provisions of the Constitution:

" 'Section 24, Article IV. The Treasurer shall receive and keep all funds, bonds and other securities in such manner as may be prescribed by law and shall disburse no funds or issue bonds or any other securities except upon the order of the Comptroller countersigned by the Governor in such manner as shall be prescribed by law.

" 'Section 3, Article XVI. The salary of each officer shall be payable quarterly upon his own requisition.'

"Hon. J. Frank Smith, Food, Drug and Fertilizer Inspector for the Chemical Division of the Department of Agriculture of the State of Florida, appointed by the Governor under the provisions of Chapter 6122, Acts of 1911, as amended by Chapter 6541, of the Acts of 1913, has made a requisition upon Hon. Ernest Amos, as Comptroller, for a warrant covering his salary as such Food, Drug and Fertilier Inspector for the month of October, A. D. 1917, said month of October being embraced in the quarter ending December 31 of the said year.

"I desire to be advised if in view of the foregoing provisions of the Constitution, I would be authorized as Governor at this time or at any time prior to December 31, to countersign a warrant drawn on the State Treasurer covering such monthly salary or for such salary of any other statutory officer for any period of time less than a full quarter, the said statute creating the office of Food, Drug and Fertilizer Inspector providing that such salaries shall be paid quarterly.

                    "Very respectfully,
                         "SIDNEY J. CATTS,
                                   "Governor."

Your inquiry involves a construction of Section 3 of Article XVI of our State Constitution that provides:

"The salary of each officer shall be payable quarterly upon his own requisition."

This provision of our organic law seems from its terms to be mandatory. The salaries of all State officers are fixed at so much per year, and the quoted provision pro-

vides in plain terms that the salaries so fixed shall be *payable* quarterly; that is the equivalent of saying that such annual saalries be divided into four equal amounts that shall become due and payable quarter-annually. As it cannot be said that the Constitution intended that any part of this fixed salary should be paid or payable prior to its having been earned by the office holder, it follows that the annual salaries provided for shall·fall due and become payable in four equal amounts *at the end* of each quarter of each year, and not before. The word "payable" is a descriptive word, defined as meaning "capable of being paid; suitable to be paid; admitting or demanding payment; justly due; legally enforceable." 6 Words and Phrases Judicially Defined 5245 and citations. As no payment for salaries can be made by the State Treasurer except upon a warrant issued by the Comptroller and countersigned by the Governor, and as no salary or part of a salary of an officer should be paid before it becomes lawfully due and payable, it would seem to follow that it would be irregular if not unlawful for the Comptroller to issue a warrant and for you as Governor to countersign the same for the payment of any part of an official salary prior to the time when by law it falls due and becomes payable.

Respectfully,

JEFFERSON B. BROWNE,

Chief Justice.

R. F. TAYLOR

J. B. WHITFIELD

W. H. ELLIS

T. F. WEST

Justices.

E. E. SKIPPER, *Appellant*, v. G. S. THOMAS, *Appellee.*

Opinion Filed November 2, 1917.

1. In proceedings brought to enforce a materialman's lien an allegation that the lien claimant *gave* written notice to the owner is a sufficient statement that a written notice was *delivered* and *served* under Section 2211, Gen. Stats. of 1906.

2. Where several houses are built on different lots under one contract, it is not · essential that the amount 'of material used in the buildings severally should be alleged in the bill of complaint brought to enforce a materialman's lien.

Appeal from Circuit Court for Polk County, F. A. Whitney, Judge.

Decree affirmed.

*Wilson & Swearingen,* for Appellant;

*Peterson & Petteway,* for Appellee.

WHITFIELD, J.—In a bill brought by the appellee to enforce a materialman's lien, it is alleged that E. E. Skipper, the owner of Lot 4, Block "K." and Lot 7, Block "J." Wades addition &c., contracted with M. Root for the erection of two houses on the first mentioned lot and one house on the second mentioned lot; that complainant "furnished material, lumber and other building material for the use of the said M. Root in constructing the said houses upon the above described property; that complainant "gave M. Root and E. E. Skipper written notice" which was duly filed and recorded in the following words:

*"To M. Root and E. E. Skipper, Owners and All Whom It May Concern:*

"You will take notice that there is due G. S. Thomas, the sum as below, for work and labor and material furnished, done upon certain buildings and structures situate upon the following described lands, situate and lying and being in the County of Polk, State of Florida, and particularly described as follows, to-wit:

"2 houses in rear of Bank Building on Lot 4, in Block "K." and one house in rear of hotel in Lot 7, in Block "J." all in United States Lot One (1), section 33, township 31 S., range 28 East Wade's Addition and re-subdivision of Frostproof; which said work was completed on the 20th day of January A. D. 1915, and the sum of Three Hundred Thirteen and 60/100 Dollars is due for material furnished and used in the construction of said buildings and structures on said lands, and that said claim is a lien upon same for said amount.

"You will also take notice that said G. S. Thomas, intends to hold a lien for said above amount on all and singular the said above described buildings, structures and the land on which same are situated.

"G. S. THOMAS.

"State of Florida,

ss

"Polk County.

"Personally appeared before me, G. S. Thomas, who being duly sworn, says that the facts set forth in the above notice are true in all particulars; that the total amount of Three Hundred Thirteen and 60/100 Dollars, is justly due and unpaid; that said G. S. Thomas hereby

acknowledges that the above notice has been given for the purposes therein expressed, and prays that the same may be duly recorded.

"G. S. THOMAS.

"Sworn to and subscribed before me this
    22nd day of March, A. D. 1915.

"JOHN C. BURLEIGH,

        "Notary Public.

"My commission expires July 13th, 1915.

"Endorsed on Back as Follows:

    "Filed for record 24th day of March, 1915, and recorded in Lien Book D on page 205.

"J. A. JOHNSON."

It is further alleged "that at the time of the service of said notice of lien there was due and owing to the contractor M. Root by said E. E. Skipper an amount in excess of the amount due by the said M. Root to complainant for materials furnished;" that neither of the said defendants has paid complainant the balance of $285.34 due for such materials. The prayer is in effect that a lien be decreed and enforced. E. E. Skipper demurred separately on grounds that the bill of complaint does not show the amount of material used in the several buildings on different lots and that the written notice is not sufficient. This demurrer was overruled and Skipper appealed.

The statute provides for a lien upon the owner's real estate "by the delivery to him, or his agent, of a written notice that the contractor * * * for whom the materials have been furnished, is indebted to the person * * * furnishing the materials in the sum stated in the notice." "A lien shall exist from the time of the

service of the notice for the amount unpaid on the contract."

An allegation that the materialman *gave* the owner of the land written notice, is a sufficient allegation of the d*elivery* of the notice to the owner and where a written notice is given to the owner, it is a sufficient *service* for the purpose of the lien created by the statute.   The notice as found is sufficient in view of the relation of the parties as shown.   See Reed v. Southern Lumber & Supply Co., 73 Fla. 886, 75 South. Rep. 29.

It is not essential to show a lien in a case of this character that the bill of complaint alleges the amount of material used in the construction of each of the several buildings.   If the proofs show any material furnished and used for each building the lien exists and the amount due is a matter of proof.

Decree affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.