STATE *ex rel.* R. S. WILLIAMS v. J. M. LEE, as State Comptroller.

191 So. 697
Opinion Filed October 31, 1939
Rehearing Denied November 10, 1939

*Theo T. Turnbull, Wm. P. Simmons, Jr.,* and *J. J. Canon,* for Relator;

*George Couper Gibbs,* Attorney General, and *J. Compton French,* Assistant Attorney General, for Respondent.

TERRELL, C. J.—Alternative writ of mandamus was directed to the Comptroller commanding him to draw his warrant. for $300 to pay relator as Marshal of the Supreme Court for his salary for the month of July, 1939, or to show cause on a day fixed why he refuses to do so.

A motion to quash raises the sole question of whether or not Chapter 12087, Acts of 1927, fixing the relator's salary at $3,000 per annum was suspended by the general appropriation bill of 1939, which carries a fixed amount for salaries of the Justices and employees of the Supreme Court.

This Court has held that where a State officer's salary is fixed by statute, he is entitled to payment therefor on his own requisition to the extent of the salary fixed by law irrespective of the amount specified therefor in the General Appropriation Act of the Legislature. Advisory Opinion to the Governor, 114 Fla. 520, 154 So. 154; see also Advisory Opinion to the Governor. 74 Fla. 250, 77 So. 102.

Section 11 (a) of the General Appropriation Bill of 1939 (Chapter 19280, Acts of 1939) is as follows:

"Where the salary of an officer or employee of the State has not been changed by an Act out of the Legislature of 1939 the appropriation for salaries respecting such officer or employee shall control the salary or compensation to be paid such officer or employee."

This provision evidences a clear intent on the part of the Legislature to pay all officers or employees of the State government during the biennium beginning July 1, 1939,

such amounts for salary as is carried for them in the General Appropriation Bill regardless of any other Act fixing their compensation.

In view of the foregoing provision, any Act fixing the compensation of State officers and employees, including relator, different from the amount shown to have been provided for them by Chapter 19280, Acts of 1939, is suspended during the life of the latter Act. United States v. Charles Mitchell, 109 U. S. 146, 3 Sup. Ct. 151, 27 L. Ed. 887; Belknap v. U. S. 150 U. S. 588, 14 Sup. Ct. 183, 37 L. Ed. 1191; State ex rel. Jones v. Clausen, 78 Wash. 103, 138 Pac. 653; Jeffreys v. Huston, 23 Idaho 372, 129 Pac. 1054.

In keeping with its custom for several sessions, the Legislature of 1939 made a lump sum appropriation for salaries and a separate lump sum appropriation for expenses for the various departments of the State. It is argued from this that it is impossible to determine exactly what salary was appropriated for relator and other State officials, and therefore, the provisions of the fixed salary must govern. An examination of the Appropriation Bill easily concludes this difficulty for such examination shows that the salaries designated in our report to the budget commission and the sum appropriated for this department tally.

Section 8 of Chapter 19280 provides that each department of the State shall, prior to July 1, 1939, present to the budget commission an itemized statement of their expenditures making the total of the appropriations provided for and to advise the budget commission of the sum total of amount for salaries and for expenses which are included in the appropriation allowed. It is the duty of the budget commission to determine from said reports and from other facts before it just what amount was appropriated for salaries.

The amount appropriated for salaries for the members of the Court and its employees has been listed and submitted to the budget commission as required by law and is shown to be in harmony with the amount appropriated by the Legislature. That is to say, that the salaries of the Court and all its employees total $73,660.00 per annum, which includes a salary of $3,600 per annum for the Relator. It is the duty of the budget commission to examine and determine the accuracy of these facts and report to the Comptroller its findings

When the Budget Commission shall have examined the report of the various departments of the State, including the Supreme Court, and found that the appropriations for such departments cover the salaries intended to be fixed by the Legislature for such officers and employees, including relator, and shall have made its report to the Comptroller, it becomes the duty of the Comptroller to draw his warrant therefor, but if he refuses to do so, relator may renew his motion for peremptory writ.

Having reached this conclusion, it follows that the motion to quash be denied.

It is so ordered.

WHITFIELD and CHAPMAN, J. J., concur.

BROWN and THOMAS, J. J., dissent.

BUFORD, J., disqualified.