STATE *ex rel.* W. V. KNOTT v. J. M. LEE, as
State Comptroller.

197 So. 681

En Banc

Opinion Filed August 2, 1940

*J. Lewis Hall,* for Relator;

*George Couper Gibbs,* Attorney General, and *J. Compton French,* Assistant Attorney General, for Respondent.

TERRELL, C. J.—Alternative writ of Mandamus was directed to Respondent commanding him to draw his warrant for an amount stated therein to pay relator's monthly salary on the basis of $6,000 per annum as provided by Chapter 19280, Acts of 1939. Respondent has moved to quash and has filed his return to the alternative writ, both alleging that relator's salary is fixed by Chapter 15895, Acts of 1933, at $5,000 per annum and that compensation on that basis has been paid relator.

The question we have for determination is whether the State Treasurer's salary should be paid on the basis of $5,000 per annum as provided by Chapter 15859, Acts of 1933, or was it increased to $6,000 per annum by Chapter 19280, Acts of 1939.

Section 29 of Article IV of the State Constitution makes it imperative on the Legislature to fix the compensation of all State and county officers. This it may do by fees, flat

salary, or any other way its wisdom may dictate. There is no prescribed formula for fixing a salary or making an appropriation for it. The intent of the Legislature is the sole guide in the premises.

The question here turns on the interpretation of the recommendation of the Budget Commission for the 1939-1940 biennium as affected by that part of Section 11 (a) of Chapter 19280, Acts of 1939, as follows: " * * * Where the salary of any officer or employee of the State has not been changed by any Act out of the Legislature of 1939, the appropriation for salaries respecting such office or employee shall control the salary or compensation to be paid such officer or employee."

The Budget Commission was created by Chapter 8426, Acts of 1921, and its recommendation is a very important element in every appropriation bill; in fact, its recommendation and report is a guide to the Legislature in making appropriations for all departments of the State government. The General Appropriation Bill passed by each session of the Legislature is predicated on the report of the Budget Commission.

The Budget Commission's report is made from estimates furnished it by each department. For the 1939-1940 biennium, the State Treasurer estimated the expense of his department at $55,100.00 per year, his salary being $5,000 per year. The Budget Commission recommended that the Legislature raise his salary to $6,000 per year and increased his estimate that amount, in other words to $56,100.00 per year.

The Appropriations Committee accepted the recommendation of the Budget Commission and placed the full amount recommended by the latter in the General Appropriation bill, Chapter 19280, Acts of 1939, to operate the expenses

of the State Treasury. The bill was passed carrying this amount. A bill was also introduced fixing the State Treasurer's salary at $6,000 per year but realizing that it would likely not be reached for consideration, during the closing hours of the session as shown by the Journals the provision from Section 11 (a) as here quoted was added as an amendment to the General Appropriation Bill. Every member of the Legislature was advised of the amendment and voted for or against the bill with that knowledge.

Every Act of the Legislature should be construed with reference to the purpose intended to be effectuated. Looked at in this way, there can be no doubt whatever about the purpose of the Legislature in this case and that it effectuated that purpose. The Budget Commission recommended the raise, the Legislature approved and put it in the appropriation bill, and Section 11 (a) allocated it to the State Treasurer as his yearly salary.

Construed in this manner, a perfectly logical conclusion is reached. There is no constitutional objection to fixing a salary in this manner. Every element of an appropriation is present, the intent of the Legislature is perfectly apparent, and no other Act changed the salary. On the basis of these facts, if found to be accurate, it is the duty of the Budget Commission to approve Relator's salary on the basis of $6,000 per annum. State *ex rel.* Williams v. Lee, 140 Fla. 380, 191 So. 697.

The motion to quash is overruled, the return is insufficient, and the peremptory writ is awarded.

It is so ordered.

WHITFIELD and CHAPMAN, J. J., concur.

BROWN and THOMAS, J. J., dissent.

BUFORD, J., disqualified.

Brown and Thomas, J. J. (dissenting).—Because of the provisions of Section 27, Article III, of the Constitution of Florida, and our inability to find in the Appropriation Act of 1939, language which we can construe as amending or repealing the statute fixing the Treasurer's salary at $5,000 a year, and because of the conviction we entertained at the time of the decision in State ex rel. R. S. Williams v. J. M. Lee, Comptroller, 191 So. 697, not yet appearing in the Florida Reports, we cannot agree with the opinion of the majority of the Court.