TERRELL, Justice
(dissenting).
I think Chapter 28,115, Acts of 1953 raised the salary of the Governor from $12,000’ to $15,000 per annum. This matter was, in my opinion, settled in the cases of State ex rel. Williams v. Lee, 121 Fla. 815, 164 So. 536, State ex rel. Williams v. S. Lee, 140 Fla. 380, 191 So. 697, and State ex rel. Knott v. Lee, 144 Fla. 164, 197 So. 681. For a period of more than thirteen years, and .seven sessions of the legislature the people' and' the law-makers have *498 relied upon these ruling's. _ Section 5, Article HI of the ■ Constitution, ,F.S.A., provides that “No Senator or member of the House of, Representatives shall during the time for which he was elected, be appointed, or elected to any civil office under the Constitution of this State, that has been created, or the emoluments, whereof shall have been increased during such time.” Senator Johns was a member of the Senate that enacted Chapter 28,115, his term does- not expire until November, 1956; he was, in my judgment within the ban of the Constitution. I think that in State ex rel. Fraser v. Gay, 158 Fla. 465, 28 So.2d 901, the matter of disqualification in these circumstances was completely settled by this Court and that granting the ' Motion to Quash would amount to receding from ‘ that unanimous decision. We are dealing with a Constitutional provision that the people made. This Court is without power to repeal or set it aside. Only the people who made it can do that.
Therefore, I am convinced the motion to quash should be denied.
THOMAS, J., concurs.