TERRELL and THOMAS, Justices
(dissenting) .
The majority opinion disposes of the question brought here on authority of what we decided in State ex rel. West v. Gray, Fla.1954, 74 So.2d 114, which was a mandamus proceeding brought to determine the effect of Article III, Section 5, Constitution of Florida, F.S.A., affecting the eligibility of the Honorable Charlie E. Johns to become a candidate for the office of governor to fill the unexpired term of Governor Dan McCarty.
The provision of the Constitution involved is Article III, Section 5, which provides:
“No Senator or member of the House of Representatives shall during the term for which he was elected, be appointed, or elected to any civil office under the Constitution of this State that has been created, or the emoluments, whereof shall have been increased during such time.”
Senator Johns was elected to the senate at the general election in November, 1952, for a four year term, so that his term of office as senator would expire at the general election in 1956. The general appropriation bill of 1953, Chapter 28115, F.S.A. § 282.01, carried an appropriation of $15,-000 for salary of the governor, biennium ending June 30, 1955. According to our arithmetic, this was an increase of $3,000 per year over the statutory salary of $12,- *517 000 per year fixed by Chapter 22913, Acts of 1945, F.S.A. §§ 14.04 and 111.01, for the office of governor.
In the last cited case a majority of this court held that appropriation of $3,000 in excess of annual salary fixed by statute for the governor’s salary for the biennium ending June 30, 1955, did not render a state senator ineligible for election to office of governor in 1954 during his senatorial term in which appropriation was adopted. So the real question presented to the court was whether the 1953 appropriation bill providing an increase in the salary of the office of governor in the manner stated, and which by its own terms, in what would have been approximately the middle of the four year term of the late Governor McCarty, had he lived, constituted an increase in the emoluments of the office of governor, as provided by Article III, Section 5, as quoted above. We could see no escape from an affirmative answer to this question.
The views of the various Justices in State ex rel. West v. Gray, are summarized at page 120 of 74 So.2d.
We dissented from the view of the majority in State ex rel. West v. Gray, supra. The material part of dissent is on pages 140 and 141 of 74 So.2d, and is as follows:
“I think Chapter 28115, Acts of 1953 raised the salary of the Governor from $12,000 to $15,000 per annum. This matter was, in my opinion settled in the cases of State ex rel. Williams v. Lee, 121 Fla. 815, 164 So. 536, State ex rel. Williams v. Lee, 140 Fla. 380, 191 So. 697, and State ex rel. Knott v. Lee, 144 Fla. 164, 197 So. 681. For a period of more than thirteen years, and seven sessions of the legislature the people and the law-makers have relied upon these rulings. * * * Senator Johns was a member of the Senate that enacted Chapter 28115, his term does not expire until November, 1956; he was, in my judgment within the ban of the Constitution. I think that in State ex rel. Fraser v. Gay, 158 Fla. 465, 28 So. 2d 901, the matter of disqualification in these circumstances was completely settled by this Court and that granting the motion to quash would amount to receding from that unanimous decision. We are dealing with a constitutional provision that the people made. This Court is without power to repeal or set it aside. Only the people who make it can do that.
“Therefore, I am convinced the motion to quash should be denied.
Thomas, J., concurs.”
The increase in the compensation of governor (in the John’s case) occurred in 1953. It was designed to cover his salary for the 1953-1955 biennium. It was not humanly possible to anticipate the fortuitous circumstances that Governor McCarty who was elected to serve the 1953-1957 period would die in 1953.
Since a majority of the court holds that Senator Mathews is qualified to run, it follows that under the present system of setting salaries in the appropriation bills, it would not be possible for the provision in the Constitution always to be strictly observed because the increase in compensation voted by a member of the senate during a term preceding a general election could not extend beyond the first six months of the term of a newly elected governor.
Account of the views herein expressed, our reasons for dissenting to the present opinion are more pressing than when we dissented to State ex rel. West v. Gray, supra.