QUESTION: May the Board of County Commissioners of Citrus County properly enter into a contract of employment which does not specifically set forth the amount of compensation to be paid the employee for his services as distinguished from expenses, and which contract therefore is ambiguous as to the amount of compensation for which he should be given retirement credit?
SUMMARY: A board of county commissioners was authorized under s.125.01(1) and (3), F. S., to enter into the 5-year employment contract with a county employee at a fixed annual compensation for all required legal services to the county and for such office expenses that such county employee may encounter. The decision to enter into such contracts, and the amount and form or manner of compensation to be paid and the terms and conditions thereof, is a decision which rests within the sound discretion of the board of county commissioners. For purposes of retirement contributions, the board has determined that the annual and monthly rate of compensation is that specified in the contract which governs for all purposes until otherwise determined by the judiciary. You have attached a copy of the employment agreement entered into between the Board of County Commissioners of Citrus County and Mr. William F. Edwards, who is being employed by the county. This agreement indicates that the attorney is employed as an "employee" of the county subject to the terms and conditions set forth in the employment agreement. Paragraph 6 of the agreement obligates the county to pay the employee the sum of $70,000 annually for his legal services and for such office expenses as the employee may encounter. The employee's obligation is to furnish all legal services required by the county and such other Citrus County governmental agencies as the county may direct as provided therein. (See paragraph 2 of the agreement.) Paragraph 6 of the agreement provides that the employee "shall not be entitled to any additional remuneration for his legal services and shall not invoice the County for any additional sums except for the amounts allowed to any other governmental employee in accordance with the Florida Statutes." The sum and substance of the agreement is that the county has employed the employee at an annual compensation of $70,000 and for such office expense as the employee may encounter as therein set forth. The general rule pertaining to decisions of boards of county commissioners in entering into such contracts or agreements is that such decisions are within the sound discretion of the boards of county commissioners. This is recognized in the case of State ex rel. Himes v. Culbreath, 174 So. 422, wherein it is stated at p. 423: Section 2153 of the Compiled General Laws 1927, provides, among other things, that the board of county commissioners shall have power to represent the county in the prosecution and defense of all legal causes. Among the sixteen powers which are by that section of the statute conferred upon the board of county commissioners the one empowering it to represent the county in the prosecution and defense of all legal causes is made the subject of a separate paragraph. The language contained in the grant of that power by the Legislature necessarily vests the boards of county commissioners, which are the fiscal agents of the counties and intrusted with the care and management and direction and control of their properties and their public works and in whom is vested also by that section the power of taxation for specific and general purposes, broad discretionary powers to the end that the interests of the counties in all legal causes and controversies in which they may be involved shall be adequately served. (Emphasis supplied.) The powers discussed in the quoted statute may now be found in large part in s. 125.01(1), F. S., as follows: The legislative and governing body of a county shall have the power to carry on county government. To the extent not inconsistent with general or special law, this power shall include, but shall not be restricted to, the power to: * * * * * (b) Provide for the prosecution and defense of legal causes in behalf of the county or state and retain counsel and set their compensation. (Emphasis supplied.) Also see s. 125.01(3)(a), F. S., which provides: No enumeration of powers herein shall be deemed exclusive or restrictive, but shall be deemed to incorporate all implied powers necessary or incident to carrying out such enumerated powers, including, specifically, authority to employ personnel, expend funds, enter into contractual obligations, and purchase or lease and sell or exchange real or personal property. Accordingly, the decision of whether or not to enter into such contract as well as the decision as to the amount and form or manner of compensation rests with the board of county commissioners and is subject to its sound discretion. Presumably, the board of county commissioners has made appropriate provisions in the budget adopted pursuant to Ch. 129, F. S., for the inclusion therein of an amount sufficient to fulfill the employment agreement which it had entered into with the present county attorney. The authority granted pursuant to Ch. 125, F. S., is consistent with the general rule that, in the absence of constitutional restrictions, the Legislature may authorize a board of county commissioners to fix salaries of employees (20 C.J.S. Counties s. 122b., p. 932 and 81 C.J.S. Statutes s. 92., p. 1055) and that it may fix the compensation of state and county officers by fees, flat salary, or any other way, there being no prescribed formula for fixing a salary or making an appropriation for it. (State v. Lee, 197 So. 681 [Fla. 1940].) There being no prescribed formula for fixing the compensation of county employees, this, too, rests within the discretion of the board of county commissioners. State v. Lee, supra. Also see Molwin Inv. Co. v. Turner, 167 So. 33 (Fla. 1936), holding that the general and specific statutory powers of county commissioners as the general administrative and fiscal officers of the county are sufficient to support implied authority in the board to employ auditors for reasonable compensation to audit the books and accounts of county fee officers. Although you indicate that you feel that the terms of the contract are ambiguous, the contract itself reflects that the amount of compensation is definite and determinable. For purposes of retirement contributions and matching contributions, the county commission has determined that the annual rate as well as the monthly rate of compensation is that specified in the contract, and has annually so reported to the administrator of the Florida Retirement System. Such duly executed contract is prima facie valid and governs for all purposes unless otherwise determined by the courts. In your letter you refer to the Attorney General Opinion found in the 1931 Biennial Report of the Attorney General at p. 686. That opinion dealt with Ch. 14502, 1929, Laws of Florida, which was a specific statute requiring county officials in all counties in the State of Florida who receive their compensation, in whole or in part, by fees or commissions or fees and commissions to file itemized sworn statements showing receipts and disbursements of their respective offices. That opinion is not pertinent to your request. Your letter does not state or indicate that you feel that the board of county commissioners has been guilty of fraudulent conduct or other impropriety, and you do not state that the county attorney is not fulfilling his contractual obligations. No abuse of the discretion vested in the county commission has been demonstrated and, in any event, such matters are determinable by the judiciary and beyond the scope of my authority. Accordingly, based on the facts set forth in your letter, no abuse of discretion or improper use of county funds is indicated. This is not such a situation as was considered by this office in AGO 074-192 or AGO 073-113. Accordingly, the decisions involved in the creation of the employment contract and the terms and conditions thereof are decisions which rest within the sound discretion of the board of county commissioners. (Also see AGO's 058-178, 068-70, and that found in the 1951 Biennial Report of the Attorney General at p. 236.) Section 121.021(22), F. S., defines "compensation" and provides therein in part as follows: "Under no circumstances shall compensation include fees paid professional persons for special or particular services." The manner in which the contract is drawn indicates that the county attorney is employed on a full-time basis to perform whatever legal services are required by the county and such other Citrus County governmental agencies that the county may direct and may not accept any private cases after January 1, 1973, without the express written consent of the county. The employee is given until December 31, 1972, to finalize his private practice of law. Accordingly, the contract is not one wherein the attorney is employed for special or particular services but is instead a contract of general employment.