Ernest Ellison Auditor General Tallahassee
QUESTIONS:
1. If the net income of a county fee officer is insufficient to pay to himself, after operating expenses, the maximum personal compensation to which he is entitled under the compensation schedule set forth in Ch. 145, F. S., is the board of county commissioners obliged to pay the deficiency under the provisions of s. 145.141?
2. If question 1 is answered in the affirmative, what answer must be given if the amount of expenses incurred by the officer during a fiscal year is in excess of the entire amount of official income of his office; in other words, do the provisions of s. 145.141, F. S., authorize a board of county commissioners to make up a deficiency not only in personal compensation but also in expenses of the office of a so-called `fee' officer?
SUMMARY:
When the net income of a clerk of the circuit court is insufficient to pay, after operating expenses, the total annual compensation to be paid to the clerk as personal income under Ch. 145, F. S., the board of county commissioners, pursuant to s.145.141, shall pay such deficiency in salary from the county general fund. The board is not, however, authorized to pay any deficiency in the operating expenses of the clerk's office.
Your first question is answered in the affirmative; the second question is answered in the negative.
You state that, during a recent postaudit of a constitutional county officer, questions have arisen as to the proper law to be applied when a county `fee officer' incurs a deficiency in the income of his office such that he cannot meet the current expenses of his office, including his personal compensation. Your office has subsequently informed me that the particular officer involved is the clerk of the circuit court. This opinion is therefore limited to a consideration of the compensation of the clerks of the circuit courts. Those clerks, or the clerks as ex officio county auditors, recorders, and custodians of county funds, not coming under s. 145.022, F. S., operate as fee officers in carrying out their duties, including the aforementioned ex officio duties, as clerks of the circuit courts and as budget officers in carrying out their duties as clerks of the county courts. Alachua County v. Powers, 351 So.2d 32, 41 (Fla. 1977).
AS TO QUESTION 1:
The 1885 Florida Constitution required the Legislature to fix by law the compensation of all county officers, See s. 27, Art. III, State Const. 1885; see also s. 6, Art. VIII, State Const. 1885, providing, inter alia, that the compensation of the clerk of the circuit court shall be prescribed by law. Section 5(c), Art. II of the revised State Constitution provides, in pertinent part, that the compensation and method of payment of county officers shall be fixed by law. As noted in AGO 061-151, there is no constitutional prohibition against county officers being compensated or paid a salary from county funds. Cf. State v. Lee, 197 So. 681 (Fla. 1940), holding that the Legislature may fix the compensation of state and county officers by fees, flat salary, or any other way its wisdom may dictate, and Graham v. Board of Public Instruction of Dade County, 76 So.2d 874, 876 (Fla. 1955), holding that the constitutional power to fix compensation found in s. 27, Art. III, State Const. 1885, included the power to adjust and regulate compensation.
Commencing with the enactment of Ch. 145 F. S. 1961, the Legislature has specifically established and provided for the compensation of the clerks of the circuit court. See ss.145.011(1) and (2) and 145.051 which provided that `[t]he clerk of the circuit court of the following named counties shall receive ascompensation the amounts indicated . . . .' (Emphasis supplied.) Under the 1961 act (Ch. 61-461, Laws of Florida), `compensation' was defined to mean `annual salary or net income, as determined by applicable law.' (Emphasis supplied.) Section 145.021(1). `Net income' was defined as the `residue from fees and commissions, notto exceed the amounts indicated [i.e., the statutorily prescribed amount of compensation] of a county officer receiving fees and commissions after deducting all reasonable expenditures for his employees' salaries and the necessary expenditures for the proper operation of his office' (Emphasis supplied.), s. 145.021(2); while `salary' was defined as the `stated remuneration to be paid in equal installments,' s. 145.021(3). See also s. 145.011(4), which provided that a board of county commissioners `may, with the concurrence of any county officer receiving compensation from fees, by resolution guarantee and appropriate a salary in lieu of fees, provided that such salary shalll not exceed the net incomeprescribed herein and all fees collected by such officer are turned over to the board . . . .' (Emphasis supplied.) Thus, a clerk of the circuit court who, as a fee officer, had received as compensation the net income of his office could, pursuant to s.145.011(4), become a budget or `salaried' officer.
With the exception of changes in the amounts indicated, the 1963 statutory counterparts to the foregoing statutory provisions remained substantially the same. See ss. 145.011(1), (2), and (4),145.021(1) and (2), and 145.051, F. S. 1963. Section 3 of Ch. 63-560, Laws of Florida, however, added s. 145.14, F. S. 1963, which provided that each county officer whose compensation is paid in whole or in part by fees or commissions and is not otherwise provided for in Ch. 145 shall receive, as his yearly compensation for his official services from the whole or the part of the fees or commissions so collected, all the net income of his office not to exceed $7,500, unless otherwise provided by law. Except for changes not material to this opinion, the counterpart provisions in the 1965 Florida Statutes remained the same; see ss.145.011(1), (2), and (4), 145.021(1) and (2), 145.051, and 145.14, F. S. 1965. For the purposes of this inquiry, ss. 145.011(1) and (2), 145.021(1) and (2), 145.051, and 145.14, F. S. 1967, were also essentially the same as their counterpart provisions in the 1961, 1963, and 1965 Florida Statutes. Subsection (4) of s.145.011, F. S. 1965, was renumbered as s. 145.011(5) in the 1967 Florida Statutes.
Against this legislative backdrop or setting, the Legislature enacted Ch. 69-346, Laws of Florida, `to provide for the annual compensation and method of payment for the several county officers named herein,' s. 145.011(1), F. S. 1969. The act amended Ch. 145, F. S., by adding various sections and extensively amending existing sections of the chapter. This 1969 amendment of s.145.011 repealed by omission subsection (5) of s. 145.011, F. S. 1967, which authorized a board of county commissioners to guarantee and appropriate a salary in lieu of fees to a county officer; however, s. 4 of Ch. 69-346 added s. 145.022, F. S. 1969, the terms of which are essentially the same as former s.145.011(5), F. S. 1967. Moreover, the terms of Ch. 145 were made applicable to all officials therein designated in all counties of the state, with certain exceptions not material to the instant inquiry. See s. 145.012, F. S. 1969, created by s. 2, Ch. 69-346. The amendment of s. 145.021, F. S. 1969, however, repealed by omission the definitions of `compensation,' `net income,' and `salary' and redefined `salary' for the purposes of Ch. 145, `when referring to amounts payable under the schedules set forth in this chapter [to] mean the total annual compensation to be paid to an official as personal income.' See s. 145.021(2). Section 145.051, F. S. 1969, reflecting this change, was amended to provide that `[e]ach clerk of [the] circuit court shall receive as salary the amount indicated, based on the population of his county . . . .' (Emphasis supplied.)
Therefore, prior to 1969, the statutes in Ch. 145, F. S., recognized a distinction between a fee officer receiving `compensation' from the `net income' of his office and a budget officer receiving as his `compensation' a `salary,' as those terms were defined therein. Since the advent of Ch. 69-346, Laws of Florida, however, the `salary' of the clerks as county fee officers is no longer concerned with what was characterized before 1969 as budget or salaried county officers as opposed to fee officers. The definition of `salary' adopted by Ch. 69-346 is broad enough to include the compensation (personal income) of both fee and budget county officers. Since 1969, the clerk's salary has been based upon a classification of counties according to each county's population in an effort to provide by general law a uniform salary system for county officials having substantially equal duties and responsibilities. See s. 145.011(3) and (4), F. S. 1977. Section 145.022, F. S., the provisions of which were in existence prior to 1969 in substantially similar form as s.145.011(4), F. S. 1961-1965, and s. 145.011(5), F. S. 1967, authorizes those officers operating their offices on a fee system to become budget officers. Although Ch. 145 has been amended since 1969, the definition of `salary' contained in s. 145.021(2), F. S., the guaranteed salary provisions in s. 145.022, and the pertinent terms of s. 145.051 remain applicable to the clerks of the circuit court.
Section 145.141, F. S., was first adopted in 1969 by s. 8, Ch. 69-346, Laws of Florida, and has remained substantially identical since its enactment. See reviser's note, s. 145.141, F. S. 1969. The section provides:
 Should any county officer have insufficient revenue from the income of his office, after paying office personnel and expenses, to pay his total annual salary, the board of county commissioners shall pay any deficiency in salary from the general revenue fund and notify the Department of Banking and Finance. The deficiency shall be listed in the comptroller's annual report of county finances and county fee officers. (Emphasis supplied.)
From the language used in s. 145.141, F. S., it appears that the terms of this statutory provision are applicable only to those county officers who are operating their offices on a fee system,i.e., paying their salaries and the expenses of operating their offices from the income of their office derived from fees or service charges and commissions to which they are entitled by law. The statute clearly provides that the board of county commissioners shall pay any deficiency in a county officer's salary (personal income, s. 145.021[2], F. S.) when the income ofhis office is insufficient to pay, after office expenses, his total annual salary (total annual compensation to be paid as personal income, s. 145.021[2]). Section 145.141 could not operate on budget officers such as those county officers coming under the provisions of s. 145.022, F. S., who turn over all fees collected by them to the county commission, or such salaried officers as the county commissioners, the school board members, or the school superintendents who do not collect fees or service charges and commissions for their services. These officers operate their offices on funds budgeted from the county or county school district; thus, the terms regarding a deficiency in the income of their office have no application to them. I am of the opinion that the provisions of s. 145.141 regarding a deficiency in the income of the office of a county officer can only apply to a county fee officer such as a clerk of the circuit court who has not come under the provisions of s. 145.022.
AS TO QUESTION 2:
You also inquire as to whether the provisions of s. 145.141, F. S., authorize a board of county commissioners to make up a deficiency not only in the personal compensation but also in the operating expenses of the office of a so-called `fee officer.' Section 145.141 clearly states that the board of county commissioners shall pay any deficiency in the salary of a county officer who, after paying office personnel and expenses, has insufficient revenue from the income of his office to pay his total annual salary. No mention is made within the statute regarding the county commission's paying the operating expenses of such an officer; and, therefore, under the well-settled rules of statutory construction, the statute does not apply to or operate on any deficiency other than in salary. See Thayer v. State,335 So.2d 815, 817 (Fla. 1976) (when a statute enumerates certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned — expressio unius estexclusio alterius); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342
(Fla. 1952); and Ideal Farms Drainage Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944). Thus, s. 145.141 does not, in my opinion, authorize the board of county commissioners to pay or make up any deficiency in the operating expenses of the office of a county fee officer. Compare with s. 121.061(2)(d), F. S., and AGO 078-159, in which this office stated that, if the income of a fee officer is insufficient to pay the mandatory contributions to retirement and social security trust funds, the county commission, pursuant to s. 121.061(2)(d), shall provide sufficient funds from the county funds to make the required payments. Such retirement and social security costs are within the meaning of operating expenses of a fee officer and the terminology of s. 145.141
regarding a deficiency in office income after paying office personnel and expenses. Section 121.061(2)(d), however, has nothing to do with the deficiency in salary which s. 145.141
authorizes the board of county commissioners to pay from `the general revenue fund.'
In summary, therefore, I am of the opinion that, when the net income of a clerk of the circuit court is insufficient to pay, after operating expenses, the total annual compensation to be paid to the clerk as personal income under Ch. 145, F. S., the board of county commissioners, pursuant to s. 145.141, shall pay such deficiency in salary from the county general fund. The board is not, however, authorized to pay any deficiency in the operating expenses of the clerk's office.
Prepared by:
Joslyn Wilson Assistant Attorney General